PETITION OF HERMAN G. VETTERLEIN for a Writ of *Habeas Corpus.*

A father is entitled to the custody of his infant child unless the interests of the child forbid it.

In *habeas corpus* brought by a father for the custody of an infant child, to which the mother made return showing a decree of divorce granted in 1877 on her petition, in the State of Indiana, and giving her custody of the child:

*Query,* whether the decree, so far as it affected the custody of the child, had any force outside of the jurisdiction wherein it was made.

But it appearing that the proceedings for divorce were irregular and void, that the child had for eight years been kept under its mother's influence and in ignorance of its father, and that its nurture and education would be as well cared for by the father as by the mother:

*Held,* that the father should have the custody of the child, the mother to have access to it at all reasonable times.

HABEAS CORPUS for the custody of an infant son.

*February* 14, 1884. CARPENTER, J. This is a writ of *habeas corpus* sued out by Herman G. Vetterlein, of Philadelphia, on behalf of his son, Herman Guy Vetterlein. The return to the writ is made by Helen V. Garden, and by the return it is alleged that she is the mother of the said Herman Guy Vetterlein ; that he is in the sixteenth year of his age, and is under her care and is well supported and educated by her, with the assistance of her father, and that he desires still to remain in her custody ; that the respondent was so ill treated by her husband, the petitioner, that she was compelled to apply for a divorce, and that such proceedings were had; that a decree was made on the 10th day of September, 1877, by the Circuit Court of Tippecanoe County, in the State of Indiana, where the respondent was then residing, by which decree she was divorced from her husband, the custody of her son was awarded to her, and she was authorized to resume her maiden name ; that C. Henry Garden, the father of the respondent, is much attached to the boy and is willing and well able to support and educate him in a suitable manner ; and that the petitioner has not the means properly to support and educate the son, and is not a proper person to have charge of his education, and that the son will be much better cared for if he shall be left in the care of his mother.

We think it right, in the first place, to state our opinion as to the validity of the decree of divorce which has been entered by the

court in Indiana. We are by no means ready to agree that the decree, in so far as it affects the custody of the child, could have any force outside the jurisdiction in which it was entered, even if it were effective to divorce the respondent from the petitioner. But this question is not at present important, inasmuch as we are clearly satisfied that the decree is utterly void in the place where it was entered for want of jurisdiction in the court. No personal notice of the petition was given to the respondent therein, and there was no appearance on his part. The statute of Indiana provides that the petitioner shall file with the petition his own affidavit as to his residence, " which shall be sworn to before the clerk of the court in which such complaint is filed." This provision, which was not complied with in the case now under consideration, was evidently intended to give the court at least so much evidence of *bonâ fide* residence as would be drawn from the fact of the actual presence of the petitioner within the State. The provision, therefore, goes to the substance of the act required, and is mandatory in its character, and must be complied with in order to give jurisdiction. We are further satisfied by the testimony that the respondent here did not take up her residence in Indiana *bonâ fide* with the intention of remaining there, and that, even if she did so intend to remain, she had removed from that State before the petition was filed and without the intention of returning. Rev. Stat. Indiana of 1881, § 1031; *Eastes* v. *Eastes*, 79 Ind. 363; *Powell* v. *Powell*, 53 Ind. 513; *Maxwell* v. *Maxwell*, 53 Ind. 363; *Rex* v. *Loxdale*, 1 Burr. 445.

We are therefore obliged to conclude that the decree has no force, either in Indiana or elsewhere, and was obtained by constructive fraud practised upon the court in that State. At the same time we ought to state that we see no evidence that Mrs. Vetterlein knew of or consented to the fraudulent character of these proceedings. It rather appears that she acquiesced in consequence of the mistaken advice of friends or counsel.

The question, therefore, recurs as to what order we shall now make in the matter. Undoubtedly the right of the father should prevail unless it appears that the interests of the child will be subserved by a different course. *McKim* v. *McKim*, 12 R. I. 462. We have considered all the testimony with much care before

reaching a conclusion on this question, but we do not think that any good end would be served by stating our opinion on the many disputed allegations which were put forth at the hearing. We believe it to be useful, however, to state that the strong prejudice which the wife has against the husband, and which is not unnaturally shared by the son, appears to us to be founded upon views of her husband's acts and character which are, to say the least, mistaken. We cannot forbear to express the hope that the result of this proceeding may induce a careful reconsideration of those views.

We are on the whole satisfied that the nurture and education of the child will be as well cared for by the father as by the mother. We observe, also, that he has been for above eight years past under the exclusive care and influence of his mother and grand father, and during that time he appears to have known substantially nothing as to his father. It would be most undesirable that he should be at any time called on to decide as to the unfortunate disputes which have arisen, but if it should hereafter unhappily become necessary for him to make a final decision between his parents, he ought not to be left to make such decision without that full knowledge of the temper and character of his father which can only be gained by a residence for the present under his care.

A decree will be made awarding the custody of the child to the petitioner with provision that the mother shall at all reasonable times have access to him.                     *Order accordingly.*

*Walter B. Vincent*, for petitioner.

*Benjamin N. Lapham & John T. Blodgett*, for respondent.