PRESLY W. NELSON *v.* THE STATE.

1. JURORS. *Householder. Property qualification.*
   Sect. 724, Code 1871, providing that male citizens who are householders shall be competent jurors, is not in conflict with Const., art. 1, § 13, which directs that no property qualification shall ever be required of any person to become a juror.

2. SAME. *Meaning of term "householder."*
   The term "householder" in the statute refers to the civil status of the person, and not to his property, and requires that he shall occupy the position of chief in a domestic establishment, though he need be neither a husband nor a father.

ERROR to the Circuit Court of De Soto County.

Hon. SAM. POWEL, Judge.

*Shands & Johnson* for the plaintiff in error.

If the jurors were competent, the accused had a right to them on the panel, and their rejection by the court was error. *Boles* v. *State*, 13 S. & M. 398. The statute requiring jurors to be householders is inconsistent with that provision of the State Constitution of 1869 (Const., art. 1, § 13) which prohibits a property qualification. At common law only freeholders were competent jurymen. *Byrd* v. *State*, 1 How. 163. Under Code 1857, p. 497, art. 126, both freeholders and householders could serve. Code 1871, § 724, makes being a house-

holder the only prerequisite. Thus the right to serve on juries has been constantly enlarged. It is impossible to be a householder without owning property of some kind in the house. Be the lease ever so short, it is an estate for years and a chattel. 2 Black. Com. 140. A tenancy at sufferance, which is the only tenure by which one could be in possession of a house without property therein, though not a trespass, is wrongful. 1 Wash. Real Prop. 394. To support the statute, it is necessary to assume that the householders contemplated are those who are in wrongful possession, otherwise their property constitutes their qualification to serve as jurors. The legal presumption, however, is that à party in possession of a tenement holds rightfully by virtue of a contract. Starkie's Evid. 761; Broom's Legal Maxims, 907. The statute was presumably designed to qualify for jury service the mass of the best citizens of the State. Should the court sustain the constitutionality of the statute, it must proceed on the assumption that such persons are tenants at sufferance.

*T. C. Catchings*, Attorney General, for the State.

Not being householders, the jurors were properly excluded. The requirement of the statute in this respect is not violative of the Constitution, since it does not impose a property qualification. It merely designates the class of persons who shall compose the juries. A man may own large property and yet not be qualified as a juror; so he may own no property, and be qualified. The only requirement is that he must be a householder.

GEORGE, C. J., delivered the opinion of the court.

The plaintiff in error was indicted and convicted for the murder of Charles Gallagher, and sentenced to imprisonment in the State Penitentiary for life. He assigns for error in the proceedings of the court below, that the court rejected as competent jurors Dale and Perry, who, upon their examination by the court, answered that they were not householders in De Soto County. The ruling of the court is in pursuance of the provisions of § 724 of the Code of 1871; but it is now insisted that this section is in conflict with § 13 of art. 1 of the Constitution of this State, which declares that "no property

qualification shall ever be required of any person to become a juror."

If the term "householder" in the statute were interpreted to mean that it was necessary, in order to be a competent juror, that the person should be the actual tenant or occupant of a house, the statute would not be a violation of the Constitution, since a permissive occupancy as a tenant at will would fill the requirements of the statute; and such an occupancy would be in no proper sense a property qualification or right. Such a tenant has no certain and indefeasible estate, and nothing that he can assign to another.    2 Black. Com. 145.

But we do not consider that the true meaning of the term "householder."    In *Bowne* v. *Witt*, 19 Wend. 475, the court declared that householder "means the head, master, or person who has the charge of and provides for a family, and does not apply to the subordinate members or inmates of the household."    And in *Woodward* v. *Murray*, 18 Johns. 400, it was said, "household means a family living together, and a householder a master of a family."    The same meaning was given to this term by the Supreme Court of Appeals of Virginia, in *Calhoun* v. *Williams*, decided in July, 1879, and reported in 21 Albany Law Journal for Jan. 31, 1880, p. 83.    In *Aaron* v. *State*, 37 Ala. 106, it was said that "the term householder is defined by Mr. Webster to mean the master or chief of a family, — one who keeps house with his family;" that it "means something more than the mere occupant of a room or house.    It implies in its term the idea of a domestic establishment, — of the management of a household."    In that case the court held that a person who has merely rented a room for a year was not a competent juror under the statute of that State requiring a juror to be a householder.    Our view is that the term householder in § 724 means a person who has a family, whom he keeps together and provides for, and of which he is the head or master.    He need be neither a father nor a husband, but he must occupy the position towards others of head or chief in a domestic establishment.    The statute refers to the civil status of the person who is to be a competent juror, and not to his property.

*Judgment affirmed.*