# Katzenberg *v.* Lehman.

### Action on Promissory Note.

1. *In what county action must be brought; who is householder.*—An unmarried man, who rents and occupies a room as a sleeping apartment, taking his meals elsewhere in the city or town, is not a householder within the meaning of the statute (Code, §§ 2928), which prohibits an action against a freeholder except in the county of his residence.

2. *Proof of loss of note.*—In an action on a promissory note, secondary evidence of its contents may be received, on the testimony of the plaintiff that he had not seen it since it was used in a former chancery suit, proof of search by his solicitor in that suit among his papers, and by the register in chancery of search among the papers on file in his office.

APPEAL from the City Court of Selma.

Tried before Hon. JON. HARALSON.

This was a suit by Solomon Lehman on a promissory note executed to him by Edward Kahn and Alexander Katzenberg, as partners comprising the mercantile firm of Ed. Kahn & Co., and was commenced in August, 1884. The note sued on bore date of 30th November, 1878, and became due and payable on 1st November, 1879. Service of the summons and complaint was had on 24th November, 1884, on said Katzenberg, in Wilcox county, with a return of not found as to Kahn, on whom service was never perfected, for reasons hereinafter indicated, and against whom the suit was finally discontinued. On the trial, as shown by the record, the defendant, Katzenberg, filed a plea in abatement, averring, in substance, that he was a householder in the county of Wilcox, in this State, and that his co-defendant, Kahn, was a non-resident of the State of Alabama,

VOL. LXXX.

[Katzenberg v. Lehman.]

having, at the time of the issuance of the summons and complaint and for several years prior thereto, a permanent residence and domicile in the State of Pennsylvania. The evidence adduced in relation to this plea, a demurrer to which was overruled by the court, showed that said Katzenberg had, for several years previous to the beginning of the suit, lived in Camden, in said county of Wilcox, where he had charge, as "agent," of a stock of merchandise, the name of his principal not being indicated by the record; that he was unmarried; that he had sleeping apartments over, or contiguous to his place of business; and that he took his meals elsewhere, at a designated place. On this evidence the court, before whom the cause was tried without the intervention of a jury, found the issue in favor of the plaintiff and the defendant pleaded the general issue.

The plaintiff proposed, as shown by the bill of exceptions, to introduce in evidence the affidavit of Joseph F. Johnston, formerly a practicing attorney of the Selma bar, touching the loss of the note and the mortgage securing it. The court refusing, upon the objection of the defendant, to admit the affidavit, the plaintiff introduced as a witness W. R. Nelson, who testified that he was the law partner of said Johnston (who had professional charge of the note), and had been for more than a year; that said Johnston, who had removed from Selma, had not carried away the papers in question, and witness prosecuted a thorough search for them in his office, and also in the office of the register in chancery of Dallas county, the missing papers having been used as evidence in a cause pending in the Chancery Court; that witness had never seen the papers, and could not swear, of his own knowledge, that Johnston had ever had them, &c. The plaintiff also introduced as witnesses the register in chancery and the plaintiff, Lehman, who testified as to the details of searches made by them respectively for said note and mortgage. Upon this testimony the court permitted the introduction of secondary evidence as to the contents of said note, against the objection and exception of the defendant.

The record further shows that on June 13, 1886, the plaintiff moved the court (the judgment in his favor not having been entered up at the preceding term of the court) "to enter up a verdict and a judgment *nunc pro tunc* for the plaintiff in this case against Alexander S. Katzenberg, as of the 5th day of March, 1886, the day when the same was rendered at the former term of this court;" and to "enter up the order *nunc pro tunc* for the issuance of an execution, which order was made at the last term of this court but not entered up"—which motion was granted by the court, and judgment *nunc pro tunc* rendered accordingly.

33

[Katzenberg v. Lehman.]

No assignment of error appears upon the record.

CUMMINGS & MILLER, and H. S. D. MALLORY, for appellant.

BROOKS & ROY, *contra.*

CLOPTON, J.—The word householder, as used in the statute defining the qualifications of jurors, has received an adjudged meaning—the occupier of a house, being the head or master, and having and providing for a household. "It implies in its term the idea of a domestic establishment—of the management of a household."—*Aaron v. The State,* 37 Ala. 106. We discover nothing to authorize an inference, that the term is used in any other, or more enlarged sense in section 2928 of the Code (1876), providing that no freeholder or householder, having a permanent residence within the State, shall be sued out of the county of his residence. An unmarried man, occupying a house, employing his own servants, and providing for the household as constituted, may be a householder; but an unmarried man, who rents and occupies a room as a sleeping apartment, and takes his meals elsewhere, is not a householder in the meaning of the statute.

The search for the note and mortgage appears to have been made in good faith. They were delivered by the plaintiff to his attorney, Johnston, in 1878, to be used in a chancery suit then pending, and plaintiff testifies that he has not had possession of them since. Search was made in the register's office without success. The law office of Johnston is still occupied by his then partner, with whom he left the papers connected with his business, except two or three, which he carried with him, but the note and mortgage were not of those taken away. The office was diligently and persistently searched by the person having the charge of, and access to the papers in the place to which the note and mortgage were last traced; and there does not appear to be any probable motive for withholding the papers. A sufficient predicate was laid to let in secondary evidence of the contents of the note and mortgage.—*Jernigan v. The State,* (in MS).

The entry of judgment *nunc pro tunc* recites, that the parties came by their attorneys, which dispenses with personal notice, and that "the plaintiff introduced in evidence the findings of the court and the entries made by the court in this case at the last term; and such evidence having been inspected and considered, the court is satisfied, that the same establishes sufficient ground for granting the motion." The record does not show what are the contents of the findings of the court and of the entries made. In the absence of such evidence, we

[Ellis et als. v. Allen, Bush & West.]

must presume, that they were competent and sufficient to authorize the court to make the order.—*Allen v. Bradford*, 3 Ala. 281; *Farmer v. Wilson*, 34 Ala. 75; *Whitten .v. Graves*, 40 Ala. 578.

Affirmed.