## BECKER *v.* BECKER.

[No. 20,045.    Filed April 8, 1903.]

DIVORCE.—*Residence of Plaintiff.—Witnesses.—Qualification.*—A divorce decree will be reversed on appeal where there was no evidence that the witnesses as to the residence of plaintiff were resident freeholders and householders of the State as required by §1043 Burns 1901.

From Pulaski Circuit Court; *G. W. Breeman*, Judge.

Day *v.* Nottingham.

Suit for divorce by Elizabeth Becker against Charles Becker. From a decree for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*William Spangler* and *J. M. Spangler*, for appellant.

MONKS, J.—Appellee sued for and obtained a decree of divorce and judgment for alimony.

It is insisted by appellant that proof of appellee's residence in the county and State was not made by two witnesses, who were "resident freeholders and householders of the State," as required by §1043 Burns 1901, §1031 R. S. 1881 and Horner 1901. We find, on examination of the evidence, that it was not shown that said witnesses possessed the qualifications required by said section. It follows that there was no evidence to sustain the allegations of the complaint in regard to appellee's residence, as required by said section of the statute, and that the trial court erred in overruling appellant's motion for a new trial.

The judgment is therefore reversed, with instructions to sustain appellant's motion for a new trial.