JOHN D. GIBSON v. HARRY C. MILLS ET AL.

[49 South. 568.]

JUSTICES OF THE PEACE. *Venue. Code 1906, § 2724. Place where contract made. Privilege licenses.*

    Under Code 1906, § 2724, regulating the venue of suits in justices' courts, a sole resident defendant can be sued before a justice of the peace only in the county in which he resides, although the contract sued upon was made in another county and he had there taken out a privilege license to carry on the business in the course of which the contract was made and had not done so in the county of his residence.

FROM the circuit court of Lincoln county.

HON. MOYSE H. WILKINSON, Judge.

Mills and another, appellees, were plaintiffs in the court below; Gibson, appellant, doing business under the name Gibson Paving Company, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court.

The suit was begun before a justice of the peace of district No. 1, Lincoln county, in which district defendant, a resident citizen and householder of Hinds county, was temporarily sojourning at the beginning of the suit, performing a paving contract made by him with the city of Brookhaven, and he had taken out a privilege license as a paving contractor in Lincoln county and nowhere else, and he contracted the debt sued upon

in said district No. 1 of Lincoln county. The defendant objected to the jurisdiction and venue of the justice's court and losing there appealed to the circuit court and made his objection again in that court, but without success.

*Wells & Wells,* for appellant.

The two sections of the Code 1906 which we think bear on this case are sections 707 and 2724.

It has been held under these sections, identically the same as in preceding codes, that ejectment and trespass *quare clausum fregit* are the only ordinary actions which can be brought in a county where the defendant does not reside. *Archibald v. Mississippi, etc., R. Co.,* 66 Miss. 424, 6 South. 238.

It seems perfectly manifest that the justice court of Lincoln county and, on appeal, the circuit court of Lincoln county, had absolutely no jurisdiction whatever in this matter and the judgment is a nullity.

The case of *Cain v. Simpson,* 53 Miss. 521, is absolutely identical in material facts.

*Marshall McCullough,* for appellees.

A significant fact in this case is that John D. Gibson alone constituted the Gibson Paving Company. The only domicile that this Gibson Paving Company had at this time was in Lincoln county, where it qualified itself to do business under our law by taking out a privilege license as a contractor. This fact gave the Gibson Paving Company, although composed of one man, such a situs as made the company's domicile, and place of business in Lincoln county. That act fixed its place of business and gave it, and those composing the company, such residence and fixed business situs as that the courts of that locality had jurisdiction of the company and John D. Gibson.

It is also to be noted that the suit was brought in the district of the justice of the peace where the contract or account was made by the appellants with the appellees.

The difference between the facts in this case and the case of *Cain v. Simpson,* 53 Miss. 521, as cited by appellants, is that John D. Gibson and the Gibson Paving Company were and had been for several months actual residents of Lincoln county, engaged in a business for an indefinite time, while in the *Caine case* the defendant was only casually in the justice district for a day when the service of summons was had to answer the suit.

MAYES, J., delivered the opinion of the court.

Section 2724 of the Code of 1906 requires that "every freeholder or householder of the county shall be sued in the district in which he resides, if there be a justice acting therein and qualified to try the suit, or in the district in which the debt was contracted, the liability incurred, or in which the property may be found." In cases within the jurisdiction of justices of the peace, where the defendant is a freeholder or householder in 'a particular county, it is essential that he be sued in the county where he has a residence as such. When the suit is in the county of his residence, he being a freeholder or householder in that county, the statute then provides that he must be sued in the district in which he resides, or in the district in which the debt was contracted, the liability incurred, or in which the property may be found; but, even in cases where the statute permits a suit to be brought against a defendant in a district other than that of his residence, it is always essential that the defendant be sued in the county of his residence. In the case of *Cain v. Simpson,* 53 Miss. 521, the court says that "the policy of the legislature seems to be that the plaintiff, in personal suits which are not local in their character, must sue a citizen of the state in the county of his residence." In the case now before the court it plainly appears that Mr. Gibson is a householder residing in Hinds county, and this fact was brought to the attention of the court on motion to dismiss the suit for want of jurisdiction, which was overruled.

We think the court erred in this, and the judgment is *reversed* and cause *remanded.*