**In the Matter of the Estate of Richard Barnett, Deceased.**
**Richard Barnett, Jr., Appellant, v. Gussie Barnett et al., Appellees.**

### Gen. No. 24,601.

EXECUTORS AND ADMINISTRATORS, § 175*—*when adult daughters not entitled to statutory award.* Under section 77 of the Administration Act (J. & A. ¶ 126), providing for an award to the children of a deceased housekeeper, the head of a family, residing with him or her at the time of his or her death, adult daughters were not entitled to an award where the decedent in question, their father, at the time of his death owned two adjoining lots, each improved with a separate flat building, and one of the daughters in question lived in the first flat of one of the buildings and managed the same, and all of her sisters and brothers except a married sister resided with her, and the father lived in the basement which was not connected by

an inside stairway with said flat, and where the father generally took his meals with said daughter who received her flat rent free for his board; and where about a year before his death the father took up his abode with his married daughter in the adjoining building, and slept and boarded there until taken to the hospital where he died.

Appeal from the Circuit Court of Cook county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Reversed with finding of facts. Opinion filed October 10, 1919.

ALBERT PETERSON, for appellant.

FREDERICK W. ELLIOTT and ALBERT A. LUTHMERS, for appellees.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

In the matter of the estate of Richard Barnett, deceased, an order was entered in the Probate Court of Cook county on May 19, 1917, approving the appraisers' childrens' award of $600 to Gussie Barnett, Emily Barnett and Sarah Barnett. From this order Richard Barnett, Jr., prayed and perfected an appeal to the Circuit Court of Cook county. On April 23, 1918, the cause was heard before the Circuit Court without a jury, resulting in a finding and judgment approving said award of $600 and entering judgment against appellant for costs, from which judgment this appeal is taken.

Section 77 of the Act in regard to the administration of estates (J. & A. ¶ 126) provides in part as follows:

"When the person dying is, at the time of his or her death, a housekeeper, the head of a family, and leaves no widow or surviving husband, there shall be allowed to the children of the deceased, residing with him or her at the time of his or her death (including all males under eighteen years of age, and all females), the same amount of property, and money   *   *   *   as

is allowed to the widow for herself and children by this act, with the same right of selection of chattel property at its appraised value.    *   *   *   ''

The deceased departed this life while in a hospital on November 6, 1916. He was a widower. The appellees are female children of the deceased and at the time of his death were all of legal age. George S. Barnett, a son, was appointed the administrator of the estate. Appellant is also a son of the deceased.

Counsel for appellant contends that the Circuit Court erred in entering the judgment because (1) the deceased, at the time of his death, was not ''a housekeeper, the head of a family,'' and (2) the appellees were not residing with him at the time of his death.

In Bouvier's Law Dictionary the word ''housekeeper'' is defined as ''one who occupies a house.'' In the Century Dictionary the word is defined as ''one who occupies a house with his family, a householder.'' In Bouvier's Law Dictionary the phrase ''head of a family'' is defined to mean a ''householder, one who provides for a family.'' In *Brokaw v. Ogle,* 170 Ill. 115-126, it is said: ''The ordinary significa- tion, however, of a householder is, that such a person is the head of the family, upon whom the other mem- bers are dependent. The family, within the meaning of the Homestead law, consists of those members of the household who are dependent upon the house- holder for support, or to whom the householder owes some duty.''

It was disclosed from the evidence, in substance, that deceased at the time of his death was, and had been for some time prior thereto, the owner of two lots known respectively as 2041 and 2043 Burling street, Chicago; that each of these lots was improved by separate flat buildings; that Gussie Barnett lived in the first flat of the building known as 2041 Burling street and ''had the management and control of the house''; that George S. Barnett and Richard Barnett,

her brothers, and Emily Barnett and Sarah Barnett, her sisters, lived with Gussie Barnett; that Ida Schulte, another daughter of the deceased, lived in one of the flats or houses at 2043 Burling street; that prior to Christmas Day, 1915, the deceased occupied a room in the basement of the building known as 2041 Burling street and took his meals generally with Gussie Barnett in her flat; that there was no inside stairway connecting said flat with said basement; that Gussie Barnett paid deceased no rent for said flat, he giving her the rent for his board; that about Christmas Day, 1915, nearly a year before his decease, he took up his abode with his daughter, Ida Schulte, at 2043 Burling street, and there slept and boarded until taken to the hospital in September, 1916; that he did not again sleep at 2041 Burling street, and that while living with Ida Schulte he "gave her the rent for his board at $12 per month."

From the facts disclosed in this record we do not think that the deceased, at the time of his death, was "a housekeeper, the head of a family," or that appellees, to whom the award was allowed, were children "residing with him," and we are of the opinion that the judgment should be reversed.

*Reversed with finding of facts.*

Finding of facts. We find, as ultimate facts in this case, that the deceased at the time of his death was not a housekeeper, the head of a family, and that at said time the appellees, Gussie Barnett, Emily Barnett, and Sarah Barnett, his children, were not residing with him.