BUCKLEY v. PORTER.

(Division A. March 30, 1931.)

[133 So. 215. No. 29191.]

T. W. Davis, of Purvis, for appellant.

**M. W. Boyd** and **F. H. Bush**, both of Laurel, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee sued the appellant in the court of a justice of the peace in Jasper county, on a promissory note, executed by the appellant and her husband, now deceased. The summons for the appellant was issued by the justice of the peace, addressed to the sheriff of La-

mar county, and was served by him on the appellant in that county. She appeared and filed a motion to dismiss the suit, for the reason that she was a resident and householder of Forrest county. This motion was overruled, and judgment was rendered for the plaintiff, Porter, from which Mrs. Buckley appealed to the circuit court, where she renewed her motion, which was again overruled, and judgment was again rendered for the plaintiff, Porter.

It appears from the evidence in support of this motion that on and prior to the 5th of January, 1929, the appellant was living in Jasper county with her husband and one minor child, on a farm owned by her husband, who died on that date; and that about a month thereafter the appellant leased his farm, and together with her child and household effects moved to Lamar county, where she rented land from her father and made a crop thereon. Whether she and her child lived in the house with her father or by themselves does not appear.

In August, 1929, the appellant went to Hattiesburg, in Forrest county, secured employment there, rented a room for herself and child, and returned to the farm in Lamar county, intending soon thereafter to remove to Hattiesburg, which she did, and at the time of the trial in the justice of the peace court was living there with her child. The summons was served on her just before she moved from her father's farm to Hattiesburg.

The question of the validity vel non of the summons issued for the appellant by the justice of the peace directed to an officer of another county will be left to one side, and no opinion will be expressed thereon.

The statute now appearing as section 2072, Code 1930, requires that every freeholder or householder of the county shall be sued in the justice of the peace district in which he resides. If the appellant is a householder and resides out of the district of the justice of the

peace before whom this suit was brought, both he and the circuit court were without jurisdiction of the case. The term "freeholder" in the statute refers to the property of the litigant, and the term "householder" refers, not to his property, but to his civil status. Nelson v. State, 57 Miss. 286, 34 Am. Rep. 444, infra. "Persons who dwell together as a family constitute a 'household.'" Arthur v. Morgan, 112 U. S. 495, 5 S. Ct. 241, 243, 28 L. Ed. 825; and "the term householder . . . means a person who has a family whom he keeps together and provides for, and of which he is the head or master." Nelson v. State, 57 Miss. 286, 34 Am. Rep. 444. See, also, Brown v. State, 57 Miss. 433. A person resides where he has a settled abode for a time for business or other purposes, although he may intend at some time in the future to remove to another place. Alston v. Newcomber & Kausler, 42 Miss. 186; Morgan v. Nunes, 54 Miss. 308.

The appellant and her child constituted a household of which she is the head, and she had a settled abode for business purposes in Lamar county when the summons was served on her, though she then intended to and shortly thereafter did, remove to Forrest county, where she now resides.

Reversed and cause dismissed.