## PURDY v PURDY

Ohio Appeals, 5th Dist, Holmes Co

No. 113. Decided May 19, 1931

Cary, Estill & Kuhn, Millersburg for Della Purdy.

Schuler, Carver and Badger, Millersburg, for A. B. Purdy.

402

LEMERT, J.

For a proper determination of this case it is necessary to note the provisions of §11,981 GC, which is as follows:

"No clerk of the Court of Common Pleas shall receive or file a petition for divorce or alimony until the party named as plaintiff therein, or some one on his or her behalf, makes prepayment or deposit with the Clerk of such an amount as will cover the costs likely to accrue in the action exclusive of attorney fee, or gives such security for the costs as in the judgment of the clerk is satisfactory; but when a plaintiff makes affidavit of inability either to prepay or give security for costs, the clerk shall receive and file the petition. Such affidavit shall be filed with it, and treated as are similar papers in such cases."

For a proper determination of this case we believe it necessary to analyze the above statute, which seems to be plain, clear and unambiguous and to determine for what purpose it was enacted. We find that this section as it now stands was passed by the Legislature of Ohio in 1906, which was an amendment to a former statute passed by the Legislature in 1902. At the very outset of this opinion we find and believe that the above statute has to do and deals with not only the plaintiff and the defendant in a divorce case but there is also a provision made which it seems was the intent of the Legislature to take care of and protect in such proceedings a third party, to-wit, the county wherein an action for divorce was filed.

The above section provides that before a clerk of the Common Pleas Court can either receive or file a petition for divorce or ali-

mony certain plain, specific and well defined things must be done: First, that there must be a prepayment or deposit with the clerk of such an amount as will cover the costs likely to accrue in the action, or give security for the costs as in the judgment of the clerk is satisfactory. Second, the statute makes a further provision: "when a plaintiff makes affidavit **of inability either to prepay or give security for costs**," the clerk shall receive and file the petition. It will be noted that this statute does not make any provision whatever for such language as we find incorporated in the plaintiff's petition in this case, that is, **"she is without funds for her support and prosecution of this action."**

The following language in the section under discussion should not be treated lightly but should be given the weight and respect that we believe the Legislature intended; that is, where it says **"such affidavit shall be filed with it and treated as are similar papers in such cases."** Our construction of the above statute is that the affidavit above referred to must be made separate and apart from the petition, but in the instant case no affidavit such as the statute provides for is even made in or a part of the petition. A plaintiff may have no funds and still have plenty of property, or a plaintiff might have no property and still be able to give security for costs.

Sec 11,356, GC, provides for the verifying of a pleading and before whom a pleading may be sworn to; that is, that any person authorized to administer oaths, whether an attorney in the case or not, can take the verification of a pleading, but the affidavit provided for in §11,981 GC is not a pleading and can not be made a part of the petition, as was attempted to be done in this case, and thus avoid the responsibilities and duties devolving upon a plaintiff in such action as provided for in §11,981 GC. The petition of plaintiff in this case was verified by one of the attorneys for plaintiff. While a pleading such as mentioned in §11,356 GC might be sworn to before one of the attorneys for the plaintiff, the affidavit provided for in §11,981 GC can not be sworn to before the attorney for the plaintiff.

An action such as in the instant case for divorce is purely a statutory action and proceeding. It is not a proceeding under common law or in equity, and a divorce proceeding is purely a creature of the statute. It therefore being purely a statutory proceeding, the statute must be strictly construed. Inasmuch as an action for divorce is purely statutory, a strict compliance with the statute must be had. We find that the courts of this and other jurisdictions have

passed upon this matter in divorce cases, particularly as to prepayment of an amount sufficient to cover the costs, and where such payment was omitted at the time of the filing of a paper intended as a petition for divorce, the subsequent making of a deposit for costs does not give validity to the paper and a motion lies to strike it from the files. We believe that the clerk of the Common Pleas Court in the instant case had no authority to receive or file the petition without a compliance with §11,981 GC. It was an unauthorized act. Such act could have no validity or effect in law. No action for divorce was legally commenced by the receiving, filing and docketing of the plaintiff's petition, or, in other words, the pleading filed, which might be termed "Petition", without a deposit or security for costs did not become a legitimate pleading.

**69 Oh St, 337**

"The act of a clerk of court in filing a petition without a deposit or security for costs as provided by statute was unauthorized and void."

**35 Oh St, 665.**

We desire to call attention to the last two lines of §11,981 GC, which are as follows:

**"Such affidavit shall be filed with it and treated as are similar papers in such cases."**

The antecedent of the pronoun "it" is, of course, "Petition." If the affidavit is to be filed with the petition, it is evident that the statute contemplates a separate affidavit and not a statement incorporated in the petition. It seems to us that this was the intent of the Legislature in using the language which they have used in §11,981 GC.

An affidavit is defined in §11,522, GC, as follows:

"An affidavit is a written declaration, under oath, made without notice to the adverse party."

**Sec 11,303 GC** states as follows:

"The only pleadings in civil actions are: 1. The Petition; 2. Demurrer to Petition; 3. Answer, which, if it demands affirmative relief, may be styled Cross-Petition; 4. Demurrer to Answer; 5. Reply; 6. Demurrer to Reply."

Consequently, an affidavit is not a pleading.

**Sec 11,305 GC** provides what a petition must contain; that is

"1. A statement of facts constituting a cause of action in ordinary and concise language.

2. A demand for the relief to which the plaintiff claims to be entitled. If a recovery of money is demanded, the amount shall be stated; and if the interest is claimed, the time for which the interest is to be computed shall be stated."

In addition, all pleadings must contain the name of the court and the county in which the action is brought and the name of the parties, followed by the name of the pleading.

Thus it appears a likely conclusion that the facts which are required to be set forth in a Poverty Affidavit under §11,981 GC, constitute no part of the petition. They would be irrelevant matters in the petition and subject to be stricken out on motion. We know of no rule which will allow other matters in the petition except those which are provided in §11,305 GC. Thus it seems from the language of §11,981 GC and from reasoning as to the nature of affidavits and other pleadings that as a matter of principle a Poverty Affidavit was not intended to be incorporated within a petition.

It will be noted that by a careful examination and consideration of §11,981 GC that the plaintiff may do one of two things:

1. The plaintiff, or some one for him or her, may make a prepayment or deposit with the clerk.

2. The plaintiff, in lieu of that, may give such security for costs as is satisfactory to the clerk.

If neither prepayment is made, nor security given, then the plaintiff may file the affidavit referred to, but this affidavit must state, **"the inability either to prepay or give security for costs."** This includes two things; that is, 1. Inability to prepay. 2. The inability to give security.

Now, referring again to the language in the petition, the plaintiff simply states that she is without funds for the prosecution of this action. She might be without funds to pay her attorney, and yet have funds to prepay the costs. She might not have funds for the prosecution of the action, but she might have property which she could pledge as security for the costs; or have neither funds nor property and still she might have friends who might be willing to go security for her costs. It is plainly to be seen that the allegations in the petition are not sufficient to comply with the requirements of §11,981 GC.

It is contended in this case that the defendant by filing an answer and other pleadings in this case has waived the right

to file a motion to dismiss. It is general rule of pleading, which requires no citation of authorities, that failure to file a motion to a defect of form or to the relevancy or to surplusage in a pleading, waives the defect, and that by filing an answer or other pleading, the defendant would be estopped from later filing a motion which might have been raised prior to the filing of the answer, etc. However, in the instant case, the situation is different, because of the failure to comply with §11,981 GC as to the pre-payment of costs or giving security therefor or filing a proper Poverty Affidavit is jurisdictional.

See 14 **Ohio Jurisprudence, page 455.**

In commenting upon the provisions of this section, we find the court used the following language:

"The provisions of this statute are mandatory and jurisdictional, and a failure to comply therewith invalidates the provision. Furthermore, the deposit or security must precede the filing of the petition and a clerk receiving a deposit subsequent to the filing of a petition will not operate to vitalize a proceeding which is invalid by reason of non-compliance with the statute."

The court in the 69 **Oh St, at 337,** held that the act of the clerk in receiving, filing and docketing of the petition, such as was done in the instant case, was unauthorized and void and no action was ever commenced. Consequently, if the act of the clerk is unauthorized and void and no action was begun by filing of the petition and it can not be vitalized or cured by the subsequent filing of a deposit or an affidavit, then it remains that there is nothing for the court to act upon if the action has never really legally been commenced.

In the instant case the matter of jurisdiction goes to the subject matter, and the Supreme Court of this state, in the 114 **Oh St, 560,** says:

"That a proceeding may be dismissed by the court at any stage of the case wherein want of jurisdiction of the subject matter appears."

It therefore follows that the action of the Court of Common Pleas in dismissing the petition of plaintiff and striking the same from the files was fully warranted, and we find no error therein. It therefore follows that the judgment of the Common Pleas Court will be and the same is hereby affirmed. It is further the judgment of this court that each party pay their own costs in this proceeding.

Exceptions may be noted.

SHERICK, J, and MONTGOMERY, J, concur.