## HOY *v.* SCRIVENER.

(Division B.   Jan. 24, 1938.)

[178 So. 314.   No. 33008.]

**H. B. Greaves**, of Canton, and **Jack M. Greaves**, of Madison, for appellant.

White & McCool, of Canton, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

T. P. Hoy, plaintiff in the court below, brought suit against H. M. Scrivener in district No. 3 of Madison county, Miss., for $150. Judgment was rendered for the plaintiff in the justice court, and appeal was taken to the circuit court, where the cause was tried anew on plea to the jurisdiction of the justice of the peace of that district of the county. The plea alleged that Scrivener, at the time the cause of action accrued, was not a resident citizen or householder of Madison county, and is not now, but was then, and now is, a resident of Leake county, his presence in Madison county being temporary; and that as the cause was in the circuit court on appeal from the justice court, it should be dismissed for lack of jurisdiction in that court, the circuit court being likewise without jurisdiction to hear and determine the cause of action.

From the proof introduced in support of this plea it appeared that the defendant had a home and farm in Leake county, Miss., where his household goods remained, where he also had livestock and personal property of that kind; that he retained his citizenship in Leake county, voted there, and spent his week-ends, or a portion of them, there; but that he had bought land in district No. 3 of Madison county, erected a storehouse thereon, and was conducting a mercantile business therein; that he and his wife had moved a bed and some other personal

property to this place; that he also had a small sawmill in Attala county, and had engaged in business to a limited degree in Louisiana prior to the accruing of the cause of action in this case; that he had never intended to make his home in Madison county, but in fact had bought this property for his daughter and son-in-law, the store being for their benefit, although operated in his name, as the former were unable to pay cash for the store and land, and the business could be operated to better advantage in his own name, for the reason that a deed of trust on the property would impair their credit and ability to run the store.

. Under these circumstances we think the question is determined in favor of the appellee under the case of Gibson Paving Co. v. Mills, 95 Miss. 726, 49 So. 568, and the recent case of Bilbo v. Bilbo, 180 Miss. 536, 177 So. 772; not by Buckley v. Porter, 160 Miss. 98, 99, 133 So. 215. This last case, and the case of Bilbo v. Bilbo, were both decided by the same division of this court, a nd are not in conflict; but the proof in this case brings it under Gibson Paving Co. v. Mills, supra, and Bilbo v. Bilbo, supra. The court below having decided the case on the same theory as this court, the judgment will be affirmed.

Affirmed.