## BERGHEAN *v.* BERGHEAN.

[No. 17,072.   Filed May 27, 1943.]

*George Panea,* of Hammond, for appellant.

DRAPER, J.—This is an appeal from a judgment granting a divorce to the appellee, plaintiff below, from the appellant, defendant below. Two married women testified as residence witnesses. The first testified that she was living with her husband and maintaining a household. He provides a home for her and provides her with money to take care of the home. The second testified that "I am a housekeeper, together with my husband" and further that her husband maintains a home for her, pays the rent and gives her the money to buy things she needs for the household. No proof of plaintiff's residence requirements was made by any other witnesses.

The appellant asserts that neither witness possessed the qualifications required by statute and the determination of this question is decisive of this appeal. The statute, § 3-1203, Burns' 1933, prescribes the residence requirements of a petitioner for divorce and provides, among other things, that such " . . . bona-fide residence shall be duly proved by such petitioner to the satisfaction of the court trying the same, by at least two [2] witnesses, who are resident householders of the state." The provisions of the statute are mandatory and there must be proof of the residence of the plaintiff by at least two qualified witnesses as required by the statute to support a decree of divorce. *Wharton* v. *Wharton* (1941), 218 Ind. 345, 32 N. E. (2d) 695.

Webster's New International Dictionary, 2nd Edition, defines a householder to be the master or head of a family. One who occupies a house or separate tenement with his family or alone. In the case of *Carpenter* v. *Dame and Others* (1858), 10 Ind. 125, the court, considering the meaning of the word "householder" in a statute prescribing the qualifications of a juror, indicated that it was meant that he must be a housekeeper— the head of a family occupying a house. It has been uniformly held that statutes of exemption are to be liberally construed, *Kelley* v. *McFadden* (1881), 80 Ind. 536, yet the court in such a case approved an instruction to the effect that a householder within the meaning of the statute is the father or head of a family whom he supports or assists in supporting, *Astley* v. *Capron* (1883), 89 Ind. 167, and the court cites the case of *Bunnell* v. *Hay et al.* (1881), 73 Ind. 452, 453, 454, in which latter case it is said that ". . . he is to be deemed a householder upon whom rests the duty of supporting the members of his family or household." In the early

case of *Graham* v. *Crockett* (1862), 18 Ind. 119, 120, an unmarried man over twenty-one years of age who lived with his sister, each owning some personal property and each, by his labor, contributing toward their household expenses, "he appearing to direct and control affairs" was said to be a householder. In the case of *Miller* v. *Miller* (1914), 55 Ind. App. 644, 104 N. E. 588, a wife had been compelled by the mistreatment of her husband to leave their common home, which she did with no intention of returning, and rented a house which she maintained partially by keeping boarders and where she kept and maintained her daughter. The court said at p. 657 "It is not controverted that a married woman may *become* a householder. As she may acquire a domicile other than the domicile of her husband, so she may *become* a householder" (our italics), the implication being, we think, that so long as she remained a member of the household of which her husband was the head, she could not be considered to be a householder under the divorce statute. Although construing statutes relating to exemptions, the court in the case of *Ness* v. *Jones* (1901), 10 N. D. 587, 88 N. W. 706, recognized that a family could have but one head and in an interesting, and we think logical manner reached the conclusion that the head of the family in that case was the husband.

In other jurisdictions the meaning of the word "householder" has been considered, although not in connection with divorce legislation. The ordinary signification of a "householder" is that such a person is the head of the family upon whom the other members are dependent. *Barnett* v. *Barnett* (1919), 215 Ill. App. 17. The word "householder," as used in the exemption statutes, means the head or person who has charge of the family, and does not apply

to the subordinate members or inmates of the household. *Bowne* v. *Witt* (1838), 19 Wend. 475; *Brokaw* v. *Ogle* (1897), 170 Ill. 115, 48 N. E. 394. A "householder" is the master or head of a domestic establishment; one who keeps house or maintains a domestic establishment; a case of domestic concern. *In re Winburn's Will* (1931), 247 N. Y. S. 584. The term "householder," in a statute requiring every householder of the county to be sued in the justice of peace district in which he resides, means a person who has a family, whom he keeps together and provides for, and of which he is the head or master. Persons who dwell together as a family constitute a household. *Buckley* v. *Porter* (1931), 160 Miss. 98, 133 So. 215, 216. The term "householder" means the occupier of a house, being the head or master, and having and providing for a house. It implies in its terms the idea of a domestic establishment or the management of a household. *Katzenberg* v. *Lehman* (1887), 80 Ala. 512, 2 So. 272; *Lane* v. *State* (1890), 29 Tex. App. 310, 15 S. W. 827.

The right to apply for or obtain a divorce is not a natural one, but is accorded only by reason of statute, and the State has the right to determine who are entitled to use its courts for that purpose and upon what conditions they may do so. 17 Am. Jur. p. 151, § 8. Divorce litigation is not a matter of concern to the litigants alone. Affecting, as it does, the well being of society as a whole, it is a matter of grave importance to the State, and the Legislature has therefore thrown up important and unusual safeguards in connection with the granting of such relief. It has provided, among other things, for the filing of affidavits to show the occupation and residence of the petitioner and the nonresidence, if such is the fact, of the defendant; that an answer under oath may be required; the

residence requirements of the petitioner and the minimum number and qualifications of those who may prove it; for a "cooling period" before trial; and that the prosecuting attorney shall resist undefended actions. Some of these requirements are too frequently complied with in a perfunctory manner, or not at all. It is apparent that it was not the intention of the Legislature to facilitate the granting of "easy" divorces in Indiana, and to effectuate the purpose of the Legislature our courts should in our opinion give the statutes governing the subject a strict rather than a liberal construction. *Floberg* v. *Floberg* (1934), 358 Ill. 626, 193 N. E. 456; *Purdy* v. *Purdy* (1931), 41 Ohio App. 411, 179 N. E. 698; *Garrett* v. *State* (1929), 118 Neb. 373, 224 N. W. 860.

From what has been said it can be seen that we are of the opinion that when the Legislature provided that only resident householders were qualified to make proof of the petitioner's residence, it meant not that such a witness need only be a married man or woman living as such nor that such witness need only be a resident member of a household, but that he or she must be the responsible head of the household of which he or she is a member. The fact that a man and woman are married does not necessarily constitute either of them a householder within the meaning of our divorce statutes, and which one, if either, is a householder, is a question of fact to be proven.

The evidence fails to disclose that either witness was qualified under the statute and since the allegations of the complaint in regard to appellee's residence were not sustained by at least two witnesses who were qualified under the statute as residence witnesses, the trial court erred in overruling appellant's

motion for new trial. *Becker* v. *Becker* (1903), 160 Ind. 407, 66 N. E. 1010.

In view of the conclusion reached, it will be unnecessary to consider other assigned error. Judgment reversed with instructions to grant appellant's motion for new trial.

NOTE.—Reported in 48 N. E. (2d) 1001.