Craig E. NEWMAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 1084S412.

Supreme Court of Indiana.

Nov. 19, 1985.

John G. Bunner, Bunner & Heathcotte, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Murder and Murder in the Commission of a Felony. The court properly merged the

counts and sentenced appellant to fifty (50) years of imprisonment on the Felony Murder conviction.

The facts are: The victim, Phillip Sanders, was a resident of Bloomington, Indiana. During the late summer of 1981 he made several trips to Evansville to sell marijuana to appellant and several of appellant's acquaintances. On July 31 and August 1, Sanders sold several pounds of marijuana to appellant and others. On August 3 Sanders advised appellant he had ten pounds of the drug for sale. Sanders was told to bring it to appellant's home in Evansville. Sanders arrived on August 4 and met with appellant and Charles Williams. After sampling the drugs, the trio placed the drugs in the trunk of appellant's automobile. The three then drove to a secluded area. While Williams remained in the car, appellant and Sanders went to the rear of the vehicle to inspect the drugs. After examining the container holding the drugs, appellant shot at Sanders six times. Three of the bullets struck Sanders; however, the wounds were not fatal.

Appellant and Williams had a change of heart and placed Sanders in the vehicle in order to take him to a hospital. Sanders, however, continued to struggle with appellant as he drove. Appellant drove the automobile to a deserted rural road. He removed Sanders from the vehicle then followed him as he attempted to escape. After tackling Sanders and hitting him several times with his fist, appellant asked Williams to obtain something from the car which could be used to render Sanders unconscious. Williams returned with a tire tool. Appellant then struck Sanders several times in the head with the tool. These blows were fatal. Appellant drove home and placed the marijuana in the crawl space of his home. Appellant and Williams burned their clothes and attempted to destroy Sanders' personal effects.

■ Appellant argues the trial court erred when it excused eight potential jurors for cause pursuant to a belief they were not "householders" as required by

Ind.Code § 33–4–5–7. The code provides in pertinent part:

"(a) To be qualified as a grand juror or petit juror, a person must be a resident voter of the county and a freeholder or householder, or the spouse of a householder. Any person shall be excused from acting as a juror who is over sixty-five (65) years of age and desires to be excused for such reason."

Appellant contends the trial court used this provision to systematically remove from the jury all potential jurors under the age of thirty. Thus he maintains he was denied due process of law and a fair trial by a jury of his peers.

A review of the *voir dire* of the jury reveals those excused were currently residing in the home of their parents, thus they did not qualify as householders. *See Berghean v. Berghean* (1943), 113 Ind.App. 412, 48 N.E.2d 1001. In *Stevens v. State* (1976), 265 Ind. 396, 401, 354 N.E.2d 727, 731, this Court stated:

"We take the statutory requirement that a grand juror be a householder to have several purposes. By it, the Legislature intended that grand jurors be actual members of the community served by the grand jury. They must also have had the experience of making important and binding practical decisions of everyday living. And they must be capable of making important decisions independently of family or relatives or others."

The above statement is equally applicable to petit jurors. The trial court properly removed the prospective jurors.

■ Appellant contends the trial court erred when it denied his belated objection to the discharge of a potential juror on the basis of economic hardship. After being tentatively selected, one of the jurors requested an opportunity to speak with the judge. Out of the presence of the other jurors, but in open court, the juror explained the economic hardship placed on him by jury service. The court inquired of the parties whether there was any objection to excusing the juror. Both parties indicated they had no objection. After the

juror left the room, appellant raised a belated objection. He contended he was opposed to the discharge but if he had objected in the presence of the jury he would have created prejudicial juror hostility. The trial court recognized the dilemma. Later, during similar situations, the court made no inquiry of the parties while the jurors were present.

Reversal may be predicated only upon error which was prejudicial. *Smith v. State* (1982), Ind., 432 N.E.2d 1363. Appellant argues he was prejudiced as this juror had been subjected to *voir dire* and approved several days earlier. Thus when the juror was excused appellant had only one remaining preemptory challenge. We find the trial court properly exercised its discretion when it excused the juror. We do not find appellant was prejudiced by the timing of the discharge.

■ Appellant avers the trial court erred when it limited his right to fully cross-examine State's witness Brian Magazine concerning bias and motive in his testimony. Magazine was a listed witness for the defense who was called by the State to testify as to his transportation of Sanders from Bloomington to Evansville on July 31, 1981. Magazine indicated he had taken Sanders to Evansville. Sanders called him in Evansville and indicated he would not need return transportation. Magazine also testified as to the baggage Sanders carried to Evansville. Lastly, Magazine testified that he had spoken with Sanders on August 2. Sanders was at that time in Bloomington.

During cross-examination, appellant asked Magazine if he had loaned his car to Sanders on any occasion. The State objected on grounds that the question was beyond the scope of direct examination and that Magazine was available for appellant to call as his own witness.

The trial court has the discretion to determine the scope of cross-examination and only a clear abuse of that discretion warrants reversal. *Blankenship v. State* (1984), Ind., 462 N.E.2d 1311. The motive of a witness to exaggerate or falsify testimony is material in determining the credibility of a witness. *Hossman v. State* (1984), Ind.App., 460 N.E.2d 975.

Appellant contends other testimony indicated Sanders was carrying drugs to Evansville on July 31 in the vehicle of Magazine. Thus he argues he had a right to determine whether this was part of an ongoing activity involving Magazine and appellant. He maintains the existence of such a relationship would tend to show bias on the part of Magazine. The State maintains the challenged question does not show a possible ulterior motive for giving testimony and thus it was not an abuse of discretion for the court to so limit the cross-examination.

We agree with the trial court's finding that the question was beyond the scope of direct examination. Appellant was free to call Magazine as a witness. We find no abuse of discretion in limiting the cross-examination.

■ Appellant argues the trial court erred when it permitted three witnesses to testify concerning drug transactions involving appellant during the days immediately prior to the incident in question. The testimony concerned appellant's efforts to find buyers for the drugs Sanders had available on July 31 and August 1. Appellant contends the information was irrelevant and highly prejudicial as he was not charged with any crime related to these transactions. He cites *Malone v. State* (1982), Ind., 441 N.E.2d 1339, for the general rule that evidence of other criminal activity is inadmissible whether the activity is committed before or after the charged crime.

The State maintains the evidence is admissible under the *res gestae* exception to the above rule. Under the exception, objectionable testimony may be admitted to show happenings near in time and place which complete the story of the crime. "Literally, *res gestae* means 'things done' and includes acts, statements, occurrences and circumstances that are 'so closely connected to the occurrence as to be part of it.'" *Beasley v. State* (1983), Ind., 452 N.E.2d 982, 984.

The evidence was properly admitted. While a few days had passed between the time of the drug transactions and Sanders' death, the drug transactions were the focal point of contact between Sanders and appellant. This evidence helps complete the story of the relationship of appellant and Sanders which culminated in the murder of Sanders. Drugs and the money which flowed from their sale were the source of this murder. Evidence that appellant was the middleman in drug transactions involving Sanders and others was admissible.

Appellant avers the trial court erred when it refused to give his tendered final instructions which defined the lesser included offenses of battery and involuntary manslaughter. The question of whether it is proper to give a jury instruction on a lesser included offense requires an answer in two parts. *See Lawrence v. State* (1978), 268 Ind. 330, 375 N.E.2d 208. The first step involves an examination of the statutes and the charging information to determine whether a conviction on the greater charge necessitates proof of all essential elements of the lesser. Secondly, the court must determine whether the evidence presented at trial permits the giving of the lesser instruction. Appellant passes the first hurdle but fails the second.

At trial appellant offered a two-part defense. He admitted shooting Sanders. He contended it was in self-defense. Secondly, he testified it was Williams who struck the fatal blows with the tire iron. Appellant contends the jury could have found he only committed battery and that he did not strike Sanders with the tire iron. He also suggests the jury could have found that he did strike Sanders but that he lacked the requisite intent. We have held one is not entitled to an instruction on a lesser offense unless the evidence would have warranted a jury finding that the lesser was committed while the greater was not. *Kelley v. State* (1984), Ind., 470 N.E.2d 1322. Even if we assume appellant's hypothesis, the evidence presented does not warrant giving the lesser included instruction. It is obvious appellant and Williams were acting in concert. The acts of one were the acts of both. *Manns v. State* (1985), Ind., 472 N.E.2d 918.

Lastly, appellant contends the sentence was manifestly unreasonable in light of the offense and the character of the offender. He argues the court merely recited the material elements of the crime as the aggravating circumstances. He further contends the mitigating factors outweighed the aggravating ones.

It is within a trial court's discretion to determine whether a presumptive sentence for a crime will be increased or decreased because of aggravating or mitigating circumstances. *Hill v. State* (1983), Ind., 445 N.E.2d 994. It is within a trial court's authority to determine the weight to be given in each case to aggravating and mitigating circumstances and to increase or decrease a sentence accordingly. *Vanyo v. State* (1983), Ind., 450 N.E.2d 524. We will not alter a sentence imposed by a trial judge if it is within statutory bounds unless it appears that the sentence is manifestly unreasonable. *Bryan v. State* (1982), Ind., 438 N.E.2d 709. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. *Bray v. State* (1982), Ind., 430 N.E.2d 1162.

The trial court gave a detailed listing of the aggravating factors he found and the factual basis for each of these findings. Additionally, the sentence is within the scope of the sentencing statute. We find no error in the imposition of this sentence.

The trial court is in all things affirmed.

All Justices concur.