**James Robert BAIRD, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 885S331.**

Supreme Court of Indiana.

Sept. 15, 1986.

Darrell M. Auxier, Jenner & Kemper, Madison, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

OPINION

PIVARNIK, Justice.

Defendant-Appellant James Robert Baird was found guilty by a jury in the Jefferson Circuit Court of burglary, a class C felony, and was sentenced to a term of eight (8) years. He further was found to be an habitual offender and his sentence was enhanced by thirty (30) years. Five issues are raised for our consideration in this direct appeal as follows:

1. admission of hearsay testimony;
2. alleged improper inquiry into Appellant's past criminal record;
3. limitation on Appellant's redirect examination of a witness;
4. sufficiency of the habitual offender finding; and
5. denial of recall of a defense witness.

Appellant and James Lee Griffin were both charged with the burglary of the Broadway Tavern in Madison, Indiana. Bottles of liquor, cigarettes, and food were taken from the tavern. Appellant and James Lee Griffin lived with Appellant's mother in a mobile home in the Madison area. The stolen items were found in the mobile home, as well as in an automobile at the location of the mobile home and which was known to have been driven by Appellant. A crow bar used to break into the tavern also was found in the automobile.

I

Madison Police Officer Terence Wells testified that on the evening of the break-in at the Broadway Tavern, August 4, 1984, he stopped a vehicle being driven by Appellant and James Lee Griffin, for a reason unrelated to this incident. He talked to Appellant and Griffin for a short time and then told them to go on home since they obviously had been drinking. Officer Wells knew Appellant and knew where he lived. Officer Wells further testified that he checked the license plate number of the vehicle and routinely checked the registration by calling the police station and having a computer check made on it. The report was communicated to him that the license

plate on the vehicle was registered to another vehicle. He then went to Appellant's residence in the company of other police officers. At that time, they discovered the vehicle Appellant had been driving when Officer Wells stopped him. They observed bottles of whiskey both inside the vehicle and on the hood, and saw a crowbar lying on the rear floor. With the aid of Appellant's mother, they then discovered the property taken from the Broadway Tavern inside the trailer.

■ The only complaint Appellant makes as to Wells' testimony is that he was permitted to testify that his check of the registration of the vehicle revealed the license plate was registered to a completely different vehicle. Appellant claims this was hearsay and inadmissible.

The purpose of the testimony was not to establish the truth of the claim that Appellant was driving an improperly registered vehicle. That fact was not relevant to the commission of this crime, or of Appellant's conviction of it. The result of the check was introduced to explain why Officer Wells went to Appellant's home. It was used to establish the motive for further investigation. It therefore was properly admitted. *Komyatti v. State* (1986), Ind., 490 N.E.2d 279, 286, *reh. denied* (1986); *Rhoton v. State* (1985), Ind., 486 N.E.2d 495, 496.

II

■ Appellant argues the court erroneously permitted the State to delve into the details of his prior conviction. On cross examination, Appellant was asked whether he had been convicted of the crime of forgery in 1978, and admitted that he had been. He then was asked whether the conviction was for the utterance of a forged instrument.

The crime of forgery can be committed by forging an instrument, that is, by making or drawing an instrument that is not what it purports to be; or by uttering a forged instrument, that is, by passing or publishing an unauthorized instrument.

Ind.Code § 35–43–5–2 (Burns 1985); *Sanford v. State* (1971), 255 Ind. 542, 544, 265 N.E.2d 701, 702–703. The Prosecutor indicated he merely wished to know whether Appellant's conviction was for utterance of a forged instrument. Objection to the question was overruled and Appellant answered he had pleaded guilty to a count of "forgery." Appellant claims this was an impermissible exploration into the details of his past conviction. This inquiry did not go into the details of Appellant's crime, but simply sought to clarify the nature of the crime. This was permissible. *King v. State* (1984), Ind., 468 N.E.2d 226, 230–231.

The Prosecutor further asked Appellant if he had been sentenced for three years. Before Appellant answered, Defense Counsel objected and the trial court sustained the objection. Appellant claims this question improperly instilled in the juror's minds that Appellant was sentenced for three years and thereby prejudiced him. The court sustained the objection, and no answer was ever given. It does not appear that any further curative relief was sought. It can be assumed that a person convicted of forgery had some sentence imposed on him. We fail to see how the inference of a three year sentence prejudiced Appellant amounting to reversible error.

### III

Appellant next claims the trial court erroneously restricted his recross examination of Mark Callis, State's rebuttal witness, thereby challenging Callis' credibility.

Callis' appearance on the stand followed a rather complex line of testimony involving several witnesses. It was the State's contention that James Lee Griffin and Appellant had agreed that Griffin would plead guilty to the burglary and claim he did it alone. The reason for this was that Appellant's past record would involve him in a much longer sentence than Griffin would get. James Lee Griffin did, in fact, plead guilty to the charge, and testified at trial below that Appellant did not aid him in the perpetration of it. Robert Ray Goins, Joe Griffin (no relation to James Lee Griffin),

and Mark Callis, were all in jail and in the same cell area as Appellant. Goins testified, as a witness for the State, that Appellant told Goins that he, Appellant, had taken part in the burglary with James Lee Griffin and that Griffin was going to take the time for both of them. Defense Counsel called Joe Griffin, who said he overheard a conversation between Goins and Mark Callis at the jail, in which Goins told Callis that he, Goins, knew nothing about what Appellant did, and was interested only in taking care of himself. Joe Griffin admitted he did not hear the entire conversation of Goins and Callis because he left while they were still talking. The Prosecutor then called Mark Callis in rebuttal. Callis corroborated Goins' testimony, stating that at first Goins had told him he didn't know anything about Appellant, but later said he just didn't want to involve Callis in the matter but did know of Appellant's involvement because Appellant had told him he took part in the burglary and had a deal with James Lee Griffin to take the time for both of them. Callis was cross-examined by Defense Counsel, and on redirect was asked questions about a statement to which Defense Counsel had referred in cross examination. On recross examination, Defense Counsel attempted to have Callis testify about a note he had sent to Appellant that morning. The note said:

> "When you go to court tell your lawyer I'm not going to say anything. I can't. If I do then I'm going out of my plea bargain. I can't do it. Well see I made a plea bargain for my crime that I committed."

The State objected to the admission of this statement for the reason that it was irrelevant to this cause and that it was outside the scope of redirect examination. The trial court found the question outside the scope of redirect examination, sustained the objection, and advised the jury not to take cognizance of anything concerning the note. Appellant now claims his right to cross-examine was unreasonably limited.

The trial judge is allowed to control the conduct of cross examination, and

we will find reversible error in his rulings thereon only if it is an abuse of discretion. *Hunt v. State* (1983), Ind., 455 N.E.2d 307, 316. The scope of recross examination is limited to the subject matter covered in redirect examination. *Walker v. State* (1982), Ind., 442 N.E.2d 696, 697, *citing Dean v. State* (1980), 272 Ind. 446, 398 N.E.2d 1270. Appellant had opportunities to impeach the testimony of Goins on cross examination of Goins, and could have produced impeaching testimony against Callis on his cross-examination. It was well within the trial court's discretion not to permit such impeachment on recross examination. *Komyatti*, Ind., 490 N.E.2d 282, 283. Furthermore, it would appear that any error here would be harmless. Joe Griffin testified he did not hear all of the conversation, and the testimony of both Goins and Callis was not inconsistent with Joe Griffin's. Also, there was other direct evidence against Appellant, including that of Michael Monroe, an acquaintance of Appellant, who testified Appellant and James Lee Griffin had told him they both committed the burglary, but that Griffin was going to take the time for both of them. Finally, Appellant does not show that he attempted or was unable in any way to call Callis as his own witness on surrebuttal. *Newman v. State* (1985), Ind., 485 N.E.2d 58, 60.

### IV

Appellant alleges the trial court erred in allowing the state to introduce evidence, during the habitual offender phase, of a prior burglary conviction. He argues the conviction was constitutionally infirm because he was not properly advised during the guilty plea of the proper minimum sentence. This argument constitutes a collateral attack on a predicate felony, recently condemned by this Court in *Edwards v. State* (1985), Ind., 479 N.E.2d 541, 547–548. The trial court properly overruled the objection.

Appellant further challenges the finding of habitual offender on the grounds that he was not sufficiently identified as the perpetrator of a 1980 robbery. Records showing his conviction and commitment for the robbery were admitted without objection. The State further presented Officer Mertz who testified he arrested Appellant as the offender in that robbery, and took his statement in which Appellant admitted commission of the robbery in question. Appellant claims Officer Mertz's testimony was insufficient to identify him since Mertz was not actually present at the conviction and sentencing. Since Mertz identified the robbery as one he helped investigate, and identified Appellant as the one charged with it, there was sufficient evidence before the jury that Appellant was the person described in the documents in evidence. *Coker v. State* (1983), Ind., 455 N.E.2d 319, 322; *Poe v. State* (1983), Ind., 445 N.E.2d 94, 98. We find no reversible error on this issue.

### V

Finally, Appellant claims the trial court violated his due process rights by refusing his request to recall one of his witnesses. Appellant had earlier called James Lee Griffin, who testified he committed the robbery of the tavern alone. The stolen items were carried out of the store in a trash can. The trash can was placed into evidence. It was identified by Griffin as the one he used. During Griffin's direct and cross examination, he testified he loaded the trash can with the liquor, cigarettes, and food stuffs, and was able to carry it by himself out of the tavern and place it on the back seat of the automobile he was driving. At the close of Griffin's testimony, Appellant requested permission to recall Griffin at a later time so that Griffin could demonstrate before the jury that he was, in fact, able to carry the trash can, containing the items he had described, by himself. Counsel further indicated he would furnish a witness to testify as to the weight of the items and have that weight duplicated in the trash can during the demonstration. The court denied this request. Not all of this appears on the record. Appellant has filed an affidavit that this took

place, claiming that for some reason it was not picked up by the recording devices in the court room. Officer Danny Strouse had testified that he had experience in moving items and that the trash can was too heavy for him to move by himself. Appellant does not claim, nor does the record show, that he ever attempted to recall Griffin, or to produce a witness as to the weight of the can and the stolen items at a subsequent time. Appellant cites no authority for his position that his due process rights were violated, but simply states it is so. The record shows Appellant's witness Griffin was given an opportunity to fully testify. For all of these reasons, we find no reversible error on this issue.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD, and DICKSON, JJ., concur.