## MAXWELL *v*. MAXWELL.

DIVORCE.—*Evidence.*—*Residence of Petitioner.*—On the trial of an action for a divorce, it is not necessary that there be formal and express proof of the residence of the petitioner required by the statute, or such proof that two witnesses testifying to such residence are resident householders and free-holders of the State; but it is sufficient, if, by the evidence in the cause, these facts be proved to the satisfaction of the court trying the cause.

From the Howard Circuit Court.

*M. Garrigus, J. L. Farrar, J. W. Gordon, T. M. Browne* and *R. N. Lamb*, for appellant.

*N. R. Linsday* and *Kerr & Conn*, for appellee.

BUSKIRK, J.— This was a proceeding by the appellee against the appellant for a divorce. The appellant answered by a denial and cross complaint. There was issue, trial by the court, finding for appellee, motion for a new trial made and overruled, and judgment on the finding.

The overruling of the motion for a new trial is assigned for error, and presents for decision the only question in the record.

Four causes were assigned for a new trial, but the third is the only one discussed and relied upon by counsel for appellant, and that is as follows:

" 3. The finding and decision of the court is not sustained by sufficient evidence, and is contrary to law, in this, that it was not proved in this cause by two or more resident house-holders and freeholders of the State of Indiana, or any other witnesses, that the plaintiff is now, or was at the time of the filing of her petition herein, a *bona fide* resident of the county of Howard, and State of Indiana; nor that the plaintiff is now, or was, a *bona fide* resident of the said county of Howard for the six months immediately preceding the filing of · the complaint herein, nor at the time of the filing thereof; nor that said plaintiff was a *bona fide* resident of the State of Indiana at the time of filing her complaint herein, and for the two years previous to the said filing; nor that she is now

such resident; nor proof of any of the witnesses' being resident householders and freeholders of the State of Indiana."

By the seventh section of the divorce law of March 10th, 1873, Acts of Reg. Sess. 107, the plaintiff in a proceeding for divorce must file with his or her petition an affidavit, subscribed and sworn to by such petitioner, in which he or she shall state the length of time he or she has been a resident of the state; and stating particularly the place, town, city or township, in which he or she has resided for the last two years; and stating his occupation; which shall be sworn to before the clerk of the court in which said complaint is filed. The above requirement was fully complied with in the present action.

Upon the trial of such cause, the petitioner is required to prove to the satisfaction of the court, by at least two witnesses who are resident householders and freeholders of the State, the following facts:

1. That the petitioner was a *bona fide* resident of the county where the petition is filed at the time of the filing thereof.

2. That such petitioner had been such *bona fide* resident of such county for the six months immediately preceding the filing of such petition.

3. That such petitioner had been a *bona fide* resident of the State for at least two years previous to the filing of such petition. Such proof has to be made to the satisfaction of the court trying such cause. Upon the trial of the present case, there was no formal and express proof that two of the witnesses were resident householders and freeholders of the State, or of the residence of the petitioner as above required. But it is clearly proved by the evidence in the cause, that William Nation and Moses Craner, who were witnesses in the cause, were resident householders and freeholders of the State, and it was very clearly and satisfactorily proved by the said Nation and Craner that the petitioner had been continuously a *bona fide* resident of Jackson township, Howard county, Indiana, for twelve or thirteen years immediately

preceding the filing of the petition, and that she was such resident at the time of the filing of the petition. The same facts are established by quite a number of other witnesses, who, however, are not shown to be resident householders and freeholders of the State. The evidence of Nation and Craner very clearly shows that the appellant and appellee settled in Jackson township, Howard county, Indiana, in the fall of 1863, and that they had resided therein down to the time of the trial. We think the evidence was sufficient to satisfy the court that the petitioner was a *bona fide* resident of the county and State.

We think the court committed no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.