Prettyman v. Prettyman.

No. 15,775.

PRETTYMAN v. PRETTYMAN.

125 149
153 89

DIVORCE.—*Residence of Plaintiff.*—*Failure of Proof.*—*Statutory Requirement.*— The statute declaring that the *bona fide* residence of the petitioner, in a divorce proceeding, shall be proved by at least two witnesses who are resident freeholders and householders of the State, is mandatory, and can not be satisfied or set aside by a tacit agreement or admission of the defendant nor in any other manner. There must be actual proof to the satisfaction of the court by witnesses possessing the statutory qualifications. A tacit agreement and admission, at the trial, by the defendant's counsel, that the plaintiff had been a resident of the State for the requisite period does not cure the defect in the proof.

From the Starke Circuit Court.

*A. I. Gould, J. W. Nichols* and *H. R. Robbins,* for appellant.

*G. W. Beeman,* for appellee.

MITCHELL, J.—This is an appeal from a decree of divorce pronounced by the Starke Circuit Court upon the petition of Wingate Prettyman against Arrena Prettyman, on the alleged ground of cruel treatment.

The complaint is assailed in this court as being insufficient, but as it was not questioned in the court below, it is enough, to say that with the affidavit relating to the residence of the plaintiff attached we should not disturb the decree on account of any defect in the complaint. Taking the complaint and the affidavit together, it appears on the face of the record that the court had jurisdiction. It is good after the finding and decree.

The evidence is in the record, but it does not appear therefrom that the residence of the petitioner was proved by at least two witnesses who were resident freeholders and householders of the State.

An amended bill of exceptions contains the following recital :

" Upon the trial, when the residence of the plaintiff was proposed to be shown by the proper evidence, it was tacitly

agreed and admitted by the defendant's counsel that the plaintiff had been a resident of Starke county, Indiana, for more than two years."

This is all that appears upon the subject of the petitioner's residence in the evidence.

In *Powell* v. *Powell*, 53 Ind. 513, it is held that the residence of the petitioner in the State and county for the required length of time is a jurisdictional fact, which ought to be averred in the petition, and which must be proved to the satisfaction of the court trying the cause by at least two witnesses who are resident freeholders and householders of the State, before the court will have any power or authority to decree the divorce. *Maxwell* v. *Maxwell*, 53 Ind. 363.

The statute, in express terms, declares that the *bona fide* residence of the petitioner *shall be proved* by at least two witnesses who are resident freeholders and householders of the State.

A mandatory provision of the statute, which requires proof by witnesses who possess special qualifications, can not be satisfied or set aside by a *tacit* agreement or admission of the defendant, nor in any other manner. There must be actual proof to the satisfaction of the court by witnesses possessing the statutory qualifications. This is the positive requirement of a statute which was enacted to prevent non-residents of the State, over whose marital status our courts can acquire no jurisdiction, from obtaining fraudulent divorces.

In every divorce suit the State, for the enforcement of its policy concerning the marital relation, constitutes the third party, and no admission can be made by the other parties which will affect the public interest.

It is claimed that the evidence is not sufficient in respect to the substantive grounds of divorce relied upon, but as the decree must be reversed we express no opinion upon that feature of the case.

Judgment reversed, with costs.

Filed Sept. 23, 1890.