No. 16,729.

138 257
153 89

## BROWN v. BROWN.

DIVORCE.—*Affidavit of Residence, etc.—Before Whom Made.*—In a divorce proceeding, the affidavit of residence and occupation, as required by the statute, may be made before any officer of the State authorized to administer oaths.

SAME.—*Complaint, Sufficiency of.*—Where the complaint alleges certain facts quite generally, which, upon motion, might have been made more specific, but others are specific as to acts of cruelty, the complaint can not be held insufficient.

SAME.—*Residence, How Established.—Statutory Requirement Indispensable.—Judicial Notice.—Sufficiency of Evidence.*—Where residence is proven by several witnesses, only two of whom appear to be freeholders, the residence of one of such freeholders not being disclosed, and the residence of the other being given as "Bainbridge, Monroe township," the court will take judicial notice that the latter was a resident freeholder of this State, but can not do so as to the former; and as proof of residence, as required by the statute, can not be dispensed with, the evidence was not sufficient to sustain a finding for plaintiff.

From the Putnam Circuit Court.

*H. H. Mathias* and *S. A. Hays*, for appellant.
*P. O. Colliver*, for appellee.

HACKNEY, J.—The appellee sued for, and obtained, a decree of divorce and the custody of her infant child.

In this court the appellant denies the jurisdiction of the circuit court, from the fact that the affidavit of residence and occupation, as required by section 1031, R. S. 1881, section 1043, R. S. 1894, was sworn to before a justice of the peace and not before the clerk of said court.

The provision of the statute that such affidavit shall be sworn to before the clerk of the court in which the complaint is filed, was, in effect, held by this court in the case of *Eastes* v. *Eastes*, 79 Ind. 364, to be directory

merely, and since that decision the universal practice has been to take such oath before any officer of the State authorized to administer oaths.

The appellant's demurrer to the complaint was overruled, and it is claimed that this ruling was erroneous. Some of the allegations are quite general, and, upon motion, would have been made more specific; others, especially a charge of an assault and battery and the drawing upon and threatening to kill the appellee with a knife are acts of cruelty specifically pleaded, and, with an allegation of the clandestine removal of the two year old child of the parties from appellee's custody to the State of Iowa, are sufficiently definite.

Considering the failure to ask that general allegations be made specific, and taking such facts as admitted by the demurrer, we can not say that they were insufficient to constitute a cause of action.

It is insisted that the proof of residence in the county for six months and in the State for two years immediately preceding the filing of the petition was not made upon the trial by two witnesses who were "resident freeholders and householders of the State," as required by said section 1031, R. S. 1881; section 1043, R. S. 1894.

One witness, Archibald Allen, testified to his residence at "Bainbridge, Monroe township," and that he was a freeholder and householder. If we may presume that "Bainbridge, Monroe township," is in Indiana, this witness was one meeting the requirements of the statute. Another witness, William Call, testified that he was a freeholder and householder, but his place of residence was not disclosed. These two witnesses, with others, not shown to have been either freeholders or householders, testified to the appellees' residence in the county and State the required period. The purpose of the statutory requirement that proof of residence shall be

made "by at least two witnesses who are resident free-holders and householders of the State," is to give more than ordinary assurance that the proceeding is meritorious, and that citizens of other states are not resorting to the laws of our State to be relieved from the sacred contracts of marriage, through false testimony. Though we were permitted to take judicial cognizance that "Bainbridge, Monroe township," is in Indiana, we have no information that the witness Call was a freeholder and householder "of the State." If we may sanction the finding of residence upon the evidence of one witness, we may dispense with the requirement of the statute. To do this would be to abandon the good purposes of the statute, and return to the abuses which induced its enactment. The case of *Maxwell* v. *Maxwell*, 53 Ind. 363, in no way relaxes the requirements of the statute. There it was expressly found that the two witnesses testifying to the residence of the petitioner were resident householders and freeholders of the State. In *Powell* v. *Powell*, 53 Ind. 513, it was held that proof of residence as required by the statute could not be dispensed with.

Other questions presented by the record may not arise upon another trial, and for that reason are not considered. For the error of the circuit court in overruling the motion for a new trial for the reason that the finding was not sustained by the evidence, the judgment is reversed, with instructions to sustain said motion.

Filed April 19, 1894; petition for a rehearing overruled June 21, '94.