## De Tarr *v.* The State.

[No. 5,863.   Filed February 13, 1906.]

1.   New Trial.—*Criminal Law.—Evidence.—Statutes.*—Under subdivision nine, §1911 Burns 1901, §1842 R. S. 1881, insufficiency of the evidence is not a ground for a new trial in a criminal case.   p. 324.

2.   Same.—*Criminal Law.—Evidence.—Statutes.*—That the decision is contrary to law, is a ground for a new trial in a criminal case under subdivision nine, §1911 Burns 1901, §1842 R. S. 1881, and a failure of the proof to sustain the charge renders the decision "contrary to law."   p. 324.

3.   Statutes.—*Construction.—Intention.—Criminal Law.*—Courts, in the construction of criminal statutes, will look to the evil that was intended to be remedied.   p. 327.

4.  CRIMINAL LAW.—*Intoxicating Liquors.—Sales.—Druggists.*—
Where a druggist, who was also a practicing physician, filled a
practicing physician's written prescription, in good faith, for
a half-pint of whiskey for such physician's patient, to be taken
a teaspoonful every hour, and such whiskey was so taken, a
conviction for an unlawful sale of whiskey under §7283j Burns
1901, Acts 1895, p. 248, §9½, can not be upheld, though such
practicing physician had no license at the time to practice
medicine.    p. 327.

From Pike Circuit Court; *E. A. Ely,* Judge.

Prosecution by the State of Indiana against David De
Tarr.    From a judgment of conviction, defendant appeals.
*Reversed.*

*J. W. Wilson* and *D. D. Coon,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, L.
G. Rothschild* and *W. C. Geake,* for the State.

WILEY, J.—Appellant is a druggist, and was prosecuted
and convicted for selling intoxicating liquor in less quan-
tity than a quart without the written prescription of a
"reputable practicing physician."

Overruling his motion for a new trial is the only error
assigned.

The reasons for a new trial are:    (1) That the decision
is not sustained by sufficient evidence; (2) that the de-
cision is contrary to law.    Under the statute (subd.
9, §1911 Burns 1901, §1842 R. S. 1881), insuffi-
ciency of the evidence is not a ground for a new
trial in a criminal case.    *Huffman* v. *State* (1899), 21 Ind.
App. 449, 69 Am. St. 368; *Baum* v. *State* (1901), 157
Ind. 282, 55 L. R. A. 250.

If, however, the evidence fails to sustain the charge in
the indictment, a verdict or decision finding the accused
guilty will be regarded as contrary to law.    *Stout*
v. *State* (1881), 78 Ind. 492; *Deal* v. *State* (1895),
140 Ind. 354.    By this rule, under the second reason
for a new trial, if it appears from the record that the evi-

dence fails to sustain the charge against appellant, a reversal should be ordered.

Appellant was indicted under §7283j Burns 1901, Acts 1895, p. 248, §9½, which provides: "It shall be unlawful for any spirituous, vinous or malt liquors to be sold or given away in any drug store in any quantity less than a quart at a time, except upon the written prescription of a reputable practicing physician."

The material facts upon which appellant was convicted may be briefly narrated as follows: During the month of July, 1904, and for a long time prior thereto, and ever since, appellant owned and operated a drug store in the town of Winslow, Pike county, Indiana. A part of the stock in the store was whiskey which was sold for medicinal purposes on prescription. Appellant was during the month of July, 1904, for a long time prior thereto, and ever since has been, a reputable, practicing physician. During the month of July, 1904, and for a short time prior thereto, Dr. H. T. Baily was and ever since has been a practicing physician in Pike county, Indiana. In the months of June, July and August, 1904, Frank Erwin and his wife resided in the town of Winslow, and part of June and during the month of July of that year Mrs. Erwin was sick, and during a good part of her sickness was confined to her house and to her bed, was nursed by her sister, and attended by Dr. H. T. Baily as her family physician. On the 2d day of July, 1904, during her sickness, he prescribed for her one-half pint of whiskey, to be taken in doses of a teaspoonful every two hours, and wrote out the prescription as follows: "℞. For Frank Erwin. One-half pint spirits fermenti. Sig: Teaspoonful every two hours. [Signed] H. T. Baily, July 2, 1904." He handed it to Frank Erwin, the party therein named, and told him to get it filled. Erwin took it, went across the street to the drug store of appellant, handed the prescription to appellant, who took it, filled it, put label on bottle with directions

thereon, and handed it to Erwin, who paid appellant twenty-five cents for it. Erwin took it home, and it was given to the patient, for whom it was intended, as prescribed, in teaspoonful doses every two hours. At the time Dr. Baily treated Mrs. Erwin he had no license or permit to practice medicine in the State of Indiana, but was, as he testified, practicing under appellant. He used the office and office outfit of appellant, used his horse and buggy, and consulted with appellant about cases he was treating, among which was that of Mrs. Erwin. He paid nothing for the use of the office, horse and buggy, and consultations. Appellant received no part of the fees and earnings of Dr. Baily, but when medicines and drugs were bought by Dr. Baily he paid for them himself. Dr. Baily called on people and treated them, and was generally known in the community as a practicing physician. A short time after he gave the prescription to Erwin he made application to the state board of medical examiners for a license to practice in this State, which was granted. At the time Dr. Baily wrote the prescription for Erwin he was a graduate and held a diploma of a reputable medical college in Louisville, Kentucky, which was recognized as such by the state board of medical examiners of the State of Indiana. Appellant testified that he filled the prescription and let Erwin have the whiskey in good faith.

Under these facts appellant ought to be relieved from the judgment of conviction, unless the statute is so iron-bound and the law so implacable that the letter of the former will not yield to its spirit, and the rigor of the latter will not bend to the demands of justice and good conscience. It is apparent from the facts that Dr. Baily gave the prescription in good faith, for the benefit of his patient; that appellant filled it in good faith, in the honest belief that it was his duty to do so. The whiskey was used by the patient for medicinal purposes, and was administered to her as

directed by the prescription. The facts are such as make manifest that the parties to the transaction acted in good faith.

In the construction of a criminal statute it is proper to look to the evil that was intended to be remedied. The statute under which this prosecution is waged was 3. directed against the pernicious habit which had grown up in this State of the indiscriminate sale by druggists of intoxicating liquors, to be used as beverages, under the false guise that such sales were for medicinal purposes. As against that habit we unalterably declare in favor of a strict enforcement of the statute.

It is recognized in the medical profession that the use of whiskey for medicinal purposes is in many instances salutary and useful. It is often prescribed and recom- 4. mended by physicians. When there is a substantial compliance with that statute, and parties act in good faith, we would be derelict in judicial discretion if we did not apply the spirit of the statute instead of the strict letter thereof, and thus protect those who have done no legal wrong.

As was said by this court in *Kyle* v. *State* (1897), 18 Ind. App. 136: "It is evident that the legislature intended by the section of the statute above quoted to inhibit absolutely the sale or gift in drug stores of intoxicating liquors to be drunk as a beverage, and that all sales or gifts in drug stores should be made only for medicinal purposes, and upon a physician's written prescription."

In this case the sale was made upon the written prescription of a physician, and that prescription was in proper form.

In the case of *Ball* v. *State* (1875), 50 Ind. 595, the Supreme Court said: "Any person who sells intoxicating liquor on a proper occasion, in good faith and with due caution, for medical purposes only, is as much shielded by the spirit of the act as if he were exempted from the penalty by express words."

In *Nixon* v. *State* (1881), 76 Ind. 524, appellant, who was a druggist, was indicted and convicted for selling intoxicating liquor without a license. It was established by the evidence that the person to whom he sold it purchased it in anticipation of his wife's confinement, and solely for medicinal purposes. Before making the sale appellant inquired of the purchaser whether it was to be used for medicinal purposes, and upon being assured that it was, he let him have it. In reversing the judgment the court said: "It is true that the statute, under which the appellant was indicted, contains no exceptions authorizing the sales of intoxicating liquors, without license, for medicinal, chemical or sacramental purposes. But it has always been held by this court, in construing similar statutes, that the courts will except, from the prohibitory or penal provisions of the statute, all *bona fide* sales of such liquors for such purposes." To the same effect are the following cases: *Hooper* v. *State* (1877), 56 Ind. 153; *Ball* v. *State, supra; Jakes* v. *State* (1873), 42 Ind. 473; *Thomasson* v. *State* (1860), 15 Ind. 449; *Donnell* v. *State* (1851), 2 Ind. *658.

This court, in *Parker* v. *State* (1903), 31 Ind. App. 650, held that where a druggist, without a license to sell intoxicating liquors and without a prescription from a physician, sold a compound consisting of whiskey and gum guiacum, to be used, and which was used by the purchaser, for medicinal purposes, such sale was not in violation of the statute making unlawful the sale of intoxicating liquors without a license. In harmony with the settled law in this State the court said, in the case last cited: "Criminal statutes are not always strictly construed."

The principal argument by the learned Attorney-General in support of the judgment below is based upon the asserted proposition that the sale made by appellant was in violation of the statute cited, because the evidence shows that the prescription upon which it was made was not the prescription of "a reputable practicing physician." This

proposition is based upon the fact that at the time Dr. Baily gave the prescription he did not have a permit or license from the state board of medical examiners to practice medicine in this State.

In view of the facts in this case, which are all favorable to appellant, and lead us to the conclusion that he was wrongfully convicted, we deem it wholly unnecessary for us to consider or decide this question. As the evidence fails to sustain the charge in the indictment, the decision, upon the authority of *Stout* v. *State* (1881), 78 Ind. 492, and *Deal* v. *State* (1895), 140 Ind. 354, is contrary to law.

The judgment is reversed, and the trial court directed to sustain appellant's motion for a new trial.

Robinson, Myers and Comstock, JJ., concur. Roby, C. J., and Black, P. J., absent.