## BLAUSER v. BLAUSER.

[No. 6,499. Filed February 19, 1909. Rehearing denied May 12, 1909. Transfer denied June 9, 1909.]

1. DIVORCE.—*Residence.—Proof.—Statutes.*—The provision of §1066 Burns 1908, §1031 R. S. 1881, requiring the residence of the plaintiff in a divorce suit to be established by at least two freeholders and householders, is mandatory. p. 117.

2. EVIDENCE.—*Divorce.—Residence.—Freehold Witnesses.*—Express or formal proof of the qualifications of the two freehold witnesses required in a divorce case, is not necessary, it being sufficient if proper inferences of such qualifications may be drawn from their testimony. p. 118.

From Wells Circuit Court; *Richard K. Erwin*, Special Judge.

Suit by Mary E. Blauser against George W. Blauser. From a decree for plaintiff, defendant appeals. *Affirmed.*

*Jay A. Hindman* and *A. W. Hamilton*, for appellant.

*W. H. Eichhorn, E. C. Vaughn* and *Colerick & Ninde*, for appellee.

HADLEY, J.—Appellee sued appellant for divorce, and for custody of their minor children, on the grounds of cruel and inhuman treatment. There was a trial, a finding by the court in favor of appellee, and a judgment granting to her alimony and the custody of the youngest child.

The only question presented by the brief of appellant is that the court had no jurisdiction to determine the cause, for the reason that the statutory provision requiring proof by two householders and freeholders of the residence of a plaintiff in a divorce case for the statutory time was not complied with. The statute involved in this consideration (§1066 Burns 1908, §1031 R. S. 1881) is as follows: "Divorce may be decreed by the superior and circuit courts of this State, on petition filed by any person who, at the time of the filing of such petition, is and shall have been a *bona fide* resident of the State for the last two years pre-

vious to the filing of the same, and a *bona fide* resident of the county at the time of and for at least six months immediately preceding the filing of such petition; which *bona fide* residence shall be duly proven by such petitioner, to the satisfaction of the court trying the same, by at least two witnesses who are resident freeholders and householders of the State.'' That these provisions are mandatory and cannot be waived or disregarded, is well settled by the authorities. See *West* v. *West* (1906), 38 Ind. App. 659; *Cummins* v. *Cummins* (1903), 30 Ind. App. 671; *Powell* v. *Powell* (1876), 53 Ind. 513; *Prettyman* v. *Prettyman* (1890), 125 Ind. 149; *Brown* v. *Brown* (1894), 138 Ind. 257; *Driver* v. *Driver* (1899), 153 Ind. 88; *Becker* v. *Becker* (1903), 160 Ind. 407. But no express or formal proof in support thereof is necessary (*Maxwell* v. *Maxwell* [1876], 53 Ind. 363), so long as the qualifications of the required number of witnesses are clearly shown, and their testimony, with proper inferences and presumptions that arise therefrom with regard to the residence, is sufficient fully to prove to the court that the requirements of the foregoing section are fulfilled. The testimony of the two witnesses called in this case sufficiently meets this test, and we cannot say that the court erred in considering it sufficient and satisfactory.

Judgment affirmed.