COULTER *v.* COULTER.

[No. 15,541. Filed June 16, 1937.]

*Thomas E. Garvin,* and *Floyd W. Burns,* for appellant.

*Thomas M. Ryan,* and *William Robison,* for appellee.

WOOD, J.—This is an appeal from a judgment of the Boone Circuit Court granting the appellee an absolute divorce from the appellant.

The issues consisted of a complaint in one paragraph, alleging abandonment for the period of two years as the sole cause for divorce, to which the appellant filed an answer in general denial.

The cause was tried on these issues, resulting in a finding and judgment for appellee. Within due time the appellant filed a motion for a new trial, alleging as causes therefor, that the decision of the court was not sustained by sufficient evidence and that it was contrary to law. This motion was overruled, and the appellant appeals assigning as error for reversal the action of the trial court in overruling said motion.

The appellant contends that the Boone Circuit Court never acquired jurisdiction to grant a divorce, because of the failure of the appellee to prove his residence in Clinton County, Indiana, the county of the origin of this action, as required by that portion of Sec. 3-1203 Burns 1933, §904 Baldwin's 1934, Ch. 241 Acts 1933, p. 1097, reading as follows: "Divorces may be decreed by the circuit, superior, or other courts of this state, upon which such jurisdiction has been or may be conferred, on petition filed by any person, who, at the time of the filing of such petition, is and shall have been a bona fide resident of the state for one (1) year previous to the filing of the same, and a bona fide resident of the county at the time of and for at least six (6) months immediately preceding the filing of such petition, which bona fide residence shall be duly proved by such peti-

tioner to the satisfaction of the court trying the same, by at least two (2) witnesses, who are resident householders of the state."

Under the provisions of the statute above quoted, the bona fide residence of the petitioner must be duly proved to the satisfaction of the court trying the cause, by at least two witnesses who are resident householders of this state. These provisions are mandatory and cannot be waived or disregarded. *Blauser* v. *Blauser* (1909), 44 Ind. App. 117, 87 N. E. 152. It has been held by both our Supreme Court and this court, that upon the trial of an action for divorce, under the provisions of the above statute, previous to its amendment by the Act of 1933, *supra,* it was not necessary that there be formal and express proof of the residence of the petitioner as required by the statute, or such proof that two witnesses testifying to such residence were resident householders and freeholders of this state, but that it was sufficient, if, by the evidence in the cause, these facts were proved to the satisfaction of the court trying said cause. *Maxwell* v. *Maxwell* (1876), 53 Ind. 363; *Miller* v. *Miller* (1913), 55 Ind. App. 644, 104 N. E. 588; *Thompson* v. *Thompson* (1920), 75 Ind. App. 415, 130 N. E. 655; *Swift* v. *Swift* (1922), 79 Ind. App. 199, 137 N. E. 568; *Blauser* v. *Blauser, supra.* The same degree of proof would of course apply to the statute as amended by the Acts of 1933. It is not necessary that we extend this opinion for the purpose of setting out the evidence relating to the residence of the appellee in detail. When all the evidence given upon the trial of the cause is considered, together with proper inferences that may reasonably be drawn therefrom, it is sufficient to establish the residence of appellee as required by statute.

Appellant next challenges the sufficiency of the evidence to sustain the charge of abandonment made

against her by the appellee. The evidence on this phase of the case is conflicting. We cannot weigh it. There is evidence in the record from which the trial court could reasonably deduce the facts to be that from February 2, 1898, when appellant and appellee were married until 1929, the appellee was a kind and indulgent husband and father; that the two children of the parties, a son and a daughter were both over the age of 32 years at the time of the trial of this cause in the lower court and were both unmarried; that in 1929 the appellee met with financial reverses which made it impossible for him to maintain and support the appellant in the manner and style which had theretofore been his custom; that in 1929 in an effort to salvage some of his estate, he moved from the house which he and the appellant had been occupying in the city of Frankfort, and which home the appellee had theretofore conveyed to appellant at her request, to a farm owned by appellee and located about four miles from Frankfort; that the appellant though often requested to take up her residence on the farm with appellee and join with him in an effort to start over again, persistently refused to do so; that since the appellee was no longer able to maintain and support the appellant in the manner which had been his custom before meeting with financial reverses, she was not interested in him and his future, and abandoned him. The situation presented by the evidence was peculiarly for the consideration of the trial court. The evidence favorable to appellee is abundantly sufficient to sustain the court's decision.

There was no error in overruling appellant's motion for a new trial.

Judgment affirmed.

Laymon, P. J., not participating.