MUNCIE BUILDING TRADES COUNCIL ET AL. *v.*
UMBARGER ET AL.

[No. 27,124.   Filed December 19, 1938.]

*Brady & Watson* and *Williams & Ogle,* for appellants.

*White & Haymond, William H. Bales,* and *F. C. Mansfield,* for appellees.

FANSLER, J.—This is an appeal from an interlocutory temporary injunction, restraining the appellants, members of certain labor unions, from obstructing or preventing ingress to and egress from Carlton Addition in the city of Muncie, and from using any force, violence, threats, intimidation, or coercion to prevent any person or vehicle from entering or leaving the addition, and from injuring, destroying, or threatening to injure or destroy the personal property of any person seeking to enter the addition, and from trespassing or unlawfully entering upon the real estate of the plaintiffs in the addition.

The temporary injunction was issued after notice and upon a hearing, in which the verified complaint was introduced as evidence, and there was oral evidence.

The complaint alleges that the plaintiffs have no employees engaged in any employment about which any labor dispute exists; that they are residents of and property owners in the subdivision in question; that several persons other than the plaintiffs, who are the owners of real estate in the addition, have been engaged in constructing dwelling houses; that the defendants entered into an unlawful and illegal combination and conspiracy for the unlawful and illegal purpose of forcibly, violently, and by intimidation, threats of violence, duress, malicious seizure, and destruction of property, requiring all persons engaged in the construction of dwelling houses in the city of Muncie to employ only persons who are members of the defendant unions; that, pursuant to such controversy, the defendants seized possession of Carlton Addition, have blockaded

the streets of entrance to the addition, have overrun the addition, including the real estate of plaintiffs, in a violent, threatening, riotous, and tumultuous manner; that defendants stop all automobiles which attempt to enter the addition, and all pedestrians who attempt to enter, to ascertain the purpose for which they desire to enter; that on account of the malicious, violent, riotous, tumultuous, forcible, and unlawful seizure of the addition by the defendants, and on account of the violence threatened to the person and property of those seeking to enter the addition, plaintiffs and persons having business and social engagements with plaintiffs are unable to have open, free, and unobstructed access to the dwelling houses of the plaintiffs.

The appellants' principal contentions are founded upon the theory that chapter 12 of the Acts of 1933 (Acts 1933, p. 28, sections 40-501, 40-502 Burns' Ann. St. 1933, §§10155, 10156 Baldwin's Ind. St. 1934) controls the jurisdiction of the court, and that the provisions of that act were not followed. The act in question applies to cases involving, or growing out of, a labor dispute. It cannot be doubted that the act in question applies only to actions between employers and employees or employees and employees. It is clearly established here by the only evidence upon the subject that there is no labor relationship whatever between the plaintiffs and the defendants. It does appear that the defendants are engaged in some sort of labor controversy with third persons, who are conducting some building operations on some lot or lots within the subdivision in which the plaintiffs live and own property. But this is not sufficient to bring the plaintiffs within the terms of the statute covering labor disputes. The plaintiffs have no labor dispute with the defendants. If the appellants' theory is sound, persons having a labor dispute with a small factory on the outskirts of

the city of Muncie might blockade and picket the entire city, and the property of those with whom they had no labor relationship, or they might picket some other city, and, because they happened to be engaged in a labor controversy with some third persons, bring all plaintiffs who might seek relief within the terms of the labor controversy.

The statute in question affords a remedy that was not available to common law, and those seeking the benefit of it must bring themselves clearly within its terms.

The appellants say in their brief: "It is our contention that no one can do indirectly what he can not do directly and that appellees can not evade or circumvent the plain provisions of this act by having third parties seek an injunction and obviate the necessity of complying with the act, merely because the plaintiffs themselves do not stand in relation of employer and employee." There is no evidence that the appellees are acting for anyone but themselves; no evidence whatever that they are acting for any employer or employers with whom the appellants have a dispute or controversy. Courts cannot act upon the assumption that a state of facts exists which has not been proved, and which there has been no effort to prove.

Appellants also contend that there is no jurisdiction to enjoin a labor union which is an unincorporated organization. Such an organization must act through its members or representatives. They may be enjoined, and, by alleging a conspiracy, and that the members of these unions participating are too numerous to be brought into court individually, a sufficient basis is laid for enjoining all of the members. Since the union acts only through its members or agents or representatives, and, since they are enjoined, it would

seem that no substantial right is involved in the question of whether the union itself may be enjoined.

The oral argument requested by appellants was waived.

Judgment affirmed.