## WHARTON v. WHARTON.

[No. 27,521. Filed March 26, 1941.]

*Robert L. Brokenburr* and *R. L. Bailey*, both of Indianapolis, and (*Ira M. Holmes*, of Indianapolis, of counsel) for appellant.

*Willard B. Ransom*, of Indianapolis, for appellee.

SWAIM, C. J.—This is an appeal from a judgment of the Hamilton Circuit Court granting the appellee an absolute divorce from the appellant.

The only alleged error, on which the appellant relies, is the overruling of appellant's motion for a new trial, the grounds of which were that the decision of the court was contrary to law and was not sustained by sufficient evidence; and that the court was without jurisdiction to grant the divorce, the latter ground being based on the contention that the required residence of the plaintiff was not proved.

The complaint was filed in the Circuit Court of Marion County, Indiana, and then on the motion of the appellee for a change of venue from the county, was taken to the Circuit Court of Hamilton County, Indiana.

The complaint was based on the alleged cruel and inhuman treatment of the appellee by the appellant. To the complaint the appellee attached his affidavit showing that he had been a bona fide resident of the state of Indiana, for the past forty years; that he had been a bona fide resident of the city of Indianapolis, in Marion County, Indiana, for more than five years, and that during the last year he had resided at 371 West 26th Street in said city, county and state.

To this complaint the appellant filed her answer in two paragraphs, the first in general denial and the second alleging that the appellee had been guilty of adultery, and that he had been guilty of cruel and inhuman treatment of the appellant, in that he had cursed

her, struck her and tore her night clothes, all in a rude, angry, and insolent manner and had threatened her with bodily violence.

Appellant's first contention is that the appellee failed to prove his residence as required by § 3-1203, Burns' 1933, § 904, Baldwin's 1934, which provides that divorce may be decreed on the petition of a person who, at the time of the filing of his petition, "is and shall have been a bona fide resident of the state for one year previous to the filing of the same, and a bona fide resident of the county at the time of and for at least six months immediately preceding the filing of such petition, which bona fide residence shall be duly proved by such petitioner to the satisfaction of the court trying the same, by at least two witnesses, who are resident householders of the state. And the plaintiff shall, with his petition, file with the clerk of the court, an affidavit subscribed and sworn to by himself, in which he shall state the length of time he has been a resident of the state; and stating particularly the place, town, city or township in which he has resided for the year last past; and stating his occupation, which shall be subscribed and sworn to before any officer of this state who is authorized to administer oaths, at any time within five days prior to the date on which the complaint is filed and the filing of the same separately or as a part of the complaint with the clerk of the court shall be deemed a sufficient filing without any order-book entry made thereon."

This court has many times held that the provisions of this statute are mandatory; and that there must be proof of the residence of the plaintiff by two qualified witnesses, as required by the statute, to support a decree of divorce. *Maxwell* v. *Maxwell* (1876), 53 Ind. 363; *Prettyman* v. *Prettyman* (1890), 125 Ind. 149, 25 N. E. 179; *Becker* v. *Becker*

(1903), 160 Ind. 407, 66 N. E. 1010. As said by this court in *Prettyman* v. *Prettyman, supra,* "There must be actual proof to the satisfaction of the court by witnesses possessing the statutory qualifications. This is a positive requirement of a statute which was enacted to prevent nonresidents of the State, over whose marital status our courts can acquire no jurisdiction, from obtaining fraudulent divorces."

In the instant case the first witness to testify as to the residence of the appellee, said that he (the witness) was a resident householder of Marion County; that he had known the appellee about ten or twelve years; and that during that time the appellee had been a resident of Marion County. The second witness testified that he was a resident householder and freeholder of Marion County; that he had known the appellee about twenty years and for this period of time had known the appellee to be a resident of Marion County. The appellant contends that the attempted proof of the appellee's residence by these two witnesses was insufficient because the witnesses did not testify that they were resident householders of the state of Indiana, nor that the appellee, at the time of the filing of the complaint, was and, for one year immediately prior thereto, had been a bona fide resident of the state of Indiana. It is true that neither of these residence witnesses used the word "Indiana" in their testimony. Yet, when we consider all of the evidence and the record of the case, it is apparent that when these witnesses spoke of Marion County, they were speaking of Marion County, Indiana, and the trial court was, therefore, justified in finding that the required residence of the appellee had been properly shown.

It was not necessary that the residence of the appellee or the qualification of the residence witnesses, be shown

by formal or express proof. The trial court might draw all proper inferences and presumptions from such testimony. *Blauser* v. *Blauser* (1909), 44 Ind. App. 117, 87 N. E. 152; *Maxwell* v. *Maxwell, supra; McMurrey* v. *McMurrey* (1936), 210 Ind. 595, 4 N. E. (2d) 540.

The trial court might reasonably have inferred that when these two witnesses testified that their residence and the residence of the appellee was in Marion County, they were speaking of Marion County, Indiana. It was not necessary that the word "Indiana" be used. The case had originally been filed in the Circuit Court of Marión County, Indiana, and from there venued to the Hamilton Circuit Court. The affidavit of the appellee attached to his complaint showed that he had been a bona fide resident of Indiana for forty years and of Marion County, in the state of Indiana for more than five years, having lived for the last year at 371 West 26th Street in the City of Indianapolis. It was perfectly apparent from the testimony of the residence witnesses and from the questions asked by the attorneys that all understood that they were speaking of Marion County, Indiana. After they testified as to the appellee's residence these two witnesses were interrogated as to the value of the property at 371 West 26th Street. The witnesses and both attorneys were apparently acquainted with the property and its location in Indianapolis, in Marion County, Indiana. On cross-examination the residence witnesses were asked to locate the appellee's residence property with reference to Capitol Avénue, Meridian Street, Northwestern Avenue, Boulevard Place, and Fall Creek, all of which names indicated that the attorney and witnesses were all thinking and speaking of the city of Indianapolis, which the trial court judicially knew was

in Marion County, in the State of Indiana. *Cluck* v. *State* (1872), 40 Ind. 263. The appellant does not suggest that there is any question about the appellee having been a bona fide resident of Marion County, Indiana, for the required time, but questions the method of proving this fact. Under the statute it was only necessary for the appellee, by two qualified witnesses, to satisfy the trial court that the appellee had been a bona fide resident of the county and state for the required period of time. This was apparently done, and we cannot say that the evidence as to the residence of the two witnesses or as to the required residence of the appellee was not sufficient.

The appellant also contends that the evidence was insufficient to support appellee's charge of cruel and inhuman treatment by the appellant. While the evidence on this subject was weak and conflicting, there was evidence from which the court might have found that appellee's friends and relatives were prevented from visiting his home by the attitude of the appellant; that the appellant failed and refused to cook his meals; that appellant considered the welfare of her parents more important than the welfare of the appellee; that there was serious quarreling between them; and that the relations between them had reached such a state that they both considered it impossible for them to live together again as husband and wife. This was sufficient to support the charge of cruel and inhuman treatment. This court cannot weigh the evidence, and will consider only the evidence most favorable to the appellee.

The evidence is also contradictory on the charge of the appellant that the appellee had been guilty of adult-

ery. The charge is expressly denied by the appellee and by the woman with whom he is alleged to have had improper relations. Another witness, an employee of the appellee, contradicted the testimony of some of the witnesses for the appellant on this charge. While these three witnesses might all be said to be interested witnesses, it was the privilege of the trial court to believe them as against the circumstantial evidence introduced by the appellant tending to show that there had been improper relations as charged. This the court apparently did for by its general finding for the appellee it impliedly found that he had not been guilty of adultery. Considering only the evidence most favorable to the appellee, we find that there was also sufficient evidence to support this finding of the trial court. On this question also, this court cannot weigh the evidence, but is bound by the finding of the trial court. *McMurrey* v. *McMurrey, supra.*

We find no reversible error. The judgment of the trial court is affirmed.

NOTE.—Reported in 32 N. E. (2d) 695.