## Bohannan v. Bohannan.

[No. 19,272. Filed June 3, 1960. Rehearing denied February 14, 1961. Transfer denied November 29, 1961.]

Robert Hollowell, Ralph Hamill, John P. Price and *Hollowell & Hamill*, of Indianapolis, for appellant.

*Prentice & Prentice* and *Dixon W. Prentice*, of Jeffersonville, for appellee.

COOPER, J.—This is an appeal from the Clark Circuit Court wherein the appellee brought an action for an absolute divorce from the appellant, alleging cruel and inhuman treatment. The complaint prayed also for the custody of certain minor children and alimony.

The record before us reveals that after trial the court rendered judgment for the appellee on her complaint, granting an absolute divorce, the custody of the minor children and alimony. Thereafter, within the time allowed, the appellant filed a proper motion for new trial, the said motion was overruled and, as the result of that ruling, this appeal followed.

The assigned error is the overruling of the appellant's motion for a new trial which averred, among other things, that the decision was not sustained by sufficient evidence and was contrary to law.

In support of the aforesaid averments, the appellant, in substance, urges that the court erred in rendering the particular judgment for divorce, custody and alimony because of the failure of the statutory proof as

to the appellee's residence under §3-1203, Burns', 1959 supplement, and, further, because of the failure of the statutory proof as to the appellee's residence under the statute the decision of the trial court was not sustained by sufficient evidence, and, therefore, contrary to law.

The appellant raises in this court for the first time the question of the trial court's jurisdiction to render the particular judgment the court rendered because of the lack of the mandatory proof as to the residence of the appellee by two resident householders, as required by §3-1203, Burns', *supra*.

In 1 Freeman, Judgment (5th Ed.), 444, 445, §226, we find:

> "There are in general three jurisdictional elements in every valid judgment, namely, jurisdiction of the subject matter, jurisdiction of the person, and the power or authority to render the particular judgment.
>
> "This well-established doctrine that a judgment beyond the court's power is invalid, is not limited in its application to any particular kind of judgment nor is it peculiar to the judgment of any particular court. Irrespective of the character or dignity of the tribunal pronouncing the decision, whether of inferior, limited or superior general jurisdiction, it must confine its determination within the authority it possesses under the law and the case." 1 Freeman, Judgments (5th Ed.), 735, §354.

A review of authorities reveals that our Supreme Court follows the foregoing doctrine. *Underhill* v. *Franz* (1951), 230 Ind. 165, 173, 101 N. E. 2d 264; *State ex rel. Public Service Comm.* v. *Marion Circuit Ct.* (1951), 230 Ind. 277, 293, 103 N. E. 2d 214; *Witte* v. *Dowd, Warden* (1951), 230 Ind. 485, 102 N. E. 2d 630.

It is the appellee's contention that under the authority of *Sims* v. *Sims* (1957) (T. D. 1958), 128 Ind. App. 408, 146 N. E. 2d 111, it was incumbent upon the appellant to raise such jurisdictional question the first

time in the trial court. A review of the Sims case, *supra,* reveals that our court in that case directly contravenes the holding of our Supreme Court in the case of *Wedmore* v. *State* (1954), 233 Ind. 545, 549, 122 N. E. 2d 1, wherein the Supreme Court stated:

"When there is a lack of jurisdiction of the subject-matter in the trial court, the jurisdictional question may be raised at any time before ▮ final decision and in any manner and if not raised by a party it is our duty *sua sponte* to raise and determine it. *State ex rel. Ayres* v. *Ewing, Judge* (1952), 231 Ind. 1, 10, 106 N. E. 2d 441, and cases there cited."

However, we need not discuss or decide this question now since this cause must be reversed for other error and such specific issue, we feel sure, will not recur in the re-trial. *Flowers* v. *Estate* (1956), 236 Ind. 151, 170, 139 N. E. 2d 185; *Tribune Star Publishing Co., Inc.* v. *Fortwendle* (1954), 124 Ind. App. 618, 115 N. E. 2d 215.

Reviewing the pertinent part of said section of our statute, we find it provides, in part, the following:

"Divorces may be decreed by the circuit, superior or other courts of this state upon which such jurisdiction has been or may be conferred on petition filed by either the wife or the husband, where at the time of the filing of such petition either the petitioner or her or his spouse, the defendant, is and shall have been a bona fide resident of the state for one (1) year previous to the filing of said petition and a bona fide resident of the county at the time and for six (6) months immediately preceding the filing of such petition, which bona fide residence shall be duly proven by such petitioner to the satisfaction of the court trying said petition by at least two (2) witnesses each of whom shall be either a resident householder or the wife of a resident householder of this state; provided however, . . ."

Thus, it appears from the express provisions of the statute that (1) courts of competent jurisdiction may grant divorces on petitions of the husband or wife where at the time of the filing of the peition either of them, or the defendant is a bona fide resident of the state (Indiana) for a period of at least one year prior to said filing; (2) that the petitioner is a bona fide resident of the county at the time of the filing of the petition and has been for at least six months immediately preceding the filing of the petition; (3) that the bona fide residence of such petitioner shall be *duly proven* by the petitioner to the satisfaction of the court trying said petition by two witnesses, each of whom shall be a resident householder or the wife of a resident householder of this state.

We are bound by the general rule of law that a statute must be reasonably and fairly interpreted so as to give it efficient operation, and to give effect if possible to the expressed intent of the legislature. It should not be wantonly narrowed, limited or emasculated and rendered ineffective, absurd or nugatory. If possible it should be allowed to perform its intended mission as shown by the existing evils intended to be remedied. *Balzer* v. *Waring* (1911), 176 Ind. 585, 590, 95 N. E. 257; 48 L. R. A. (N. S.) 834; *Walters* v. *Bank of America* (1937), 9 Cal. 2d 46, 52, 69 P. 2d 839, 110 A. L. R. 1259, 1264; *DeTarr* v. *State* (1906), 37 Ind. App. 323, 327, 76 N. E. 897; *Perry Twp.* v. *Indianapolis Power & Light Co.* (1946), 224 Ind. 59, 69, 64 N. E. 2d 296; *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607, 617, 62 N. E. 492; *Smith* v. *Indianapolis St. R. Co.* (1902), 158 Ind. 425, 427, 63 N. E. 849. See also *State* v. *Griffin* (1948), 226 Ind. 279, 284, 79 N. E. 2d 537.

We are of the opinion that the foregoing phrase, "to the satisfaction of the court," does not mean that he can dispense with the required statutory proof as to the resident requirements. The phrase, "duly proven," means in a proper way, or regularly or according to law. *Haverell Distributors* v. *Haverell Mfg. Corp.* (1944) (T. D. 1945), 115 Ind. App. 501, 507, 58 N. E. 2d 372.

Our Supreme Court has said: "Courts cannot act upon the assumption that a state of facts exists which has not been proven. . . ." *Muncie Building Trades Council* v. *Umbarger* (1938), 215 Ind. 13, 16, 17 N. E. 2d 828.

The court must see that the requisite principle of proof has been observed and duly applied since such proof is mandatory. In reviewing the authorities, we find that both the Supreme Court and our court have held that the statutory proof of residence by at least two witnesses who are resident householders of the state is mandatory before judgment may be rendered for a party seeking a divorce under §3-1203, Burns', *supra*. *Wharton* v. *Wharton* (1941), 218 Ind. 345, 32 N. E. 2d 695; *Davidson* v. *Davidson* (1950), 120 Ind. App. 253, 90 N. E. 2d 821; *Adkins* v. *Adkins* (1947), 117 Ind. App. 189, 70 N. E. 2d 750; *Berghean* v. *Berghean* (1943), 113 Ind. App. 412, 48 N. E. 2d 1001; *Coulter* v. *Coulter* (1937), 103 Ind. App. 565, 9 N. E. 2d 141; *Blauser* v. *Blauser* (1909) (T. D. 1909), 44 Ind. App. 117, 87 N. E. 152.

The entire evidence of the proof of residence of the appellee in the record before us is as follows:

"MR. PRENTICE: Your Honor, I would like to testify as a resident witness.

"THE COURT: All right.

"MR. PRENTICE: My name is Dixon Prentice. I am a resident householder of Clark County, Indi-

ana, and head of a family. I have been personally acquainted with Mr. and Mrs. Bohannan, the parties to this suit, for approximately ten years, and I know they have been bona fide residents of Clark County, Indiana, continuously for more than one year immediately prior to the date this suit was filed."

We are of the opinion that the testimony of Mr. Prentice, who was the attorney of record for the plaintiff below, may be sufficient to meet the mandatory requirements of the statute; however, the testimony of the other resident witness, Mr. Smith, the attorney of record for the defendant below, being as follows:

"MR. HOMER SMITH: Your Honor, I will testify to the same facts. I have known the Bohannan family for a number of years prior to the date this suit was filed, and I know they lived in Clark County all of that time."

contains the same defects as were set out in the case of *Brown* v. *Brown* (1894), 138 Ind. 257, 258, 37 N. E. 142, wherein our Supreme Court said:

"Another witness, William Call, testified that he was a freeholder and householder, but his place of residence was not disclosed. These two witnesses, with others, not shown to have been either freeholders or householders, testified to the appellees' residence in the county and State the required period. The purpose of the statutory requirement that proof of residence shall be made 'by at least two witnesses who are resident freeholders and householders of the State,' is to give more than ordinary assurance that the proceeding is meritorious, and that citizens of other states are not resorting to the laws of our State to be relieved from the sacred contracts of marriage, through false testimony. Though we were permitted to take judicial cognizance that 'Bainbridge, Monroe township,' is in Indiana, we have no information that the witness Call was a freeholder and householder 'of the State.' If we may sanction the finding of residence

upon the evidence of one witness, we may dispense with the requirement of the statute. To do this would be to abandon the good purposes of the statute, and return to the abuses which induced its enactment."

We are of the opinion that the foregoing evidence does not comply with the strict proof of the residential requirements as mandated by our Legislature, and where there is a failure to comply with the mandatory statutory proof, such failure necessitates a reversal of the judgment. In *Davidson* v. *Davidson, supra,* at p. 255, this court held:

"There was a failure of the statutory proof as to appellee's residence. Such proof is mandatory and a failure thereof requires a reversal of the judgment. *State ex rel. Martin* v. *Eby, Judge* (1947), 225 Ind. 283, 73 N. E. 2d 767; *Adkins* v. *Adkins* (1947), 117 Ind. App. 189, 70 N. E. 2d 750; *Berghean* v. *Berghean* (1943), 113 Ind. App. 412, 48 N. E. 2d 1001."

We have heretofore pointed out that Mr. Smith, the attorney of record for the defendant below, testified as a witness for the plaintiff below. While it is true that there are no statutory provisions preventing an attorney for the defendant from testifying as to the residence of the plaintiff, it might be considered, if not illegal, highly unethical, for the reason that divorce actions under our law are contested matters. Even in cases where the defendant does not appear, the state must appear by the prosecutor and contest the action, and we feel that such procedure of defense counsel testifying as a witness for the plaintiff is bad practice, as it opens the door to collusion.

It has often been decided by the courts of this state that our state, as such, is a third party in every divorce action because the preservation of the family re-

lationship is a requisite to well-ordered society. If possible, this relationship should be preserved and the law should be strictly adhered to before courts dissolve this basic institution which is the very foundation of our society. This is necessary in order that we may avoid becoming known as a state in which a divorce is easy to secure and so that the citizens of our state will be secure in the knowledge that our courts will strictly enforce our statutes relating to divorce; that each divorce granted is meritorious and free from taint of any nature.

For the reasons given herein, the decision of the trial court was not sustained by sufficient evidence, and, therefore, the lower court erred in overruling the appellant's motion for a new trial.

Judgment reversed and cause remanded, with instructions to sustain appellant's motion for a new trial.

Bierly, C. J., Gonas, Kelley and Ryan, JJ., concur in majority opinion.

Ax, P. J., dissents with opinion, in which Myers and Smith, JJ., concur.

## Dissenting Opinion

Ax, P. J.—I cannot in good conscience agree with the majority opinion of this court in reversing the decision of the lower court and forcing a re-trial of this divorce action, particularly in view of the fact that the complete record in this cause has indicated to me that it was fairly tried and a just and reasonable decision given. The appellant in this action in addition to raising for the first time in this court by way of his brief the question of whether or not the court below had jurisdiction to determine the cause, also urged in his brief that the decision of the court was not sustained by sufficient evidence and was consequently contrary to law.

The action was based upon cruel and inhuman treatment, and since there was some evidence sufficient to sustain the finding of the lower court of cruel and inhuman treatment, this court properly cannot disturb such finding, in the absence of other reversible error.

In addition, the appellant seemed primarily in his brief to complain of the amount of alimony granted by the lower court to appellee. Here again after considering all of the evidence favorable to appellee, I cannot find any just grounds for reversing the decision of the lower court. The only assignment of error made by appellant was that the court erred in overruling his motion for new trial, which motion contained only the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law.

I am of the firm opinion that the majority opinion was wrong in both of its major reasons relied upon for reversing this case.

In the first instance, the majority opinion has erroneously considered that the jurisdictional question herein involves a question of *jurisdiction of the subject matter,* when in reality it is a matter involving *jurisdiction of the particular case.* The majority opinion holds that the appellee's contention, under the authority of *Sims* v. *Sims* (1957), 128 Ind. App. 408, 146 N. E. 2d 111, that it was incumbent upon the appellant to raise the jurisdictional question for the first time in the trial court, directly contravenes the holding of our Supreme Court in the case of *Wedmore* v. *State* (1954), 233 Ind. 545, 122 N. E. 2d 1. The author of the majority opinion herein, as shown by the record, evidently participated and concurred in the opinion in the *Sims* case, and the Supreme Court not only denied transfer on March 14, 1958, but also subsequently denied a petition to recall its ruling denying transfer on April 22, 1958, thus evident-

ly reaffirming the law as laid down in the *Sims* case. It is inconceivable to me that the author of the majority opinion now wants to emasculate our well established doctrine of *stare decisis* by taking his inconsistent position that the *Sims* case was wrongly decided in order to justify his opinion in this instant case. A careful analysis of both the *Sims* case and the *Wedmore* case fails to indicate that this contention of the majority opinion is true. The quotation cited by the majority opinion from the *Wedmore* case, citing the case of *State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, 106 N. E. 2d 441, specifically refers to the rule that the question of lack of *jurisdiction of the subject matter* in the trial court may be raised at any time, and I have no quarrel with that. However, the *Sims* case correctly stated the law in Indiana when it stated "the phrase 'subject matter of the action' is sometimes used to refer to the thing involved in a particular case but such is not its meaning when used in the rule regarding jurisdiction," citing Flanagan, *Indiana Pleading and Procedure*, §21, Comment 4:

> "The subject matter of an action, *when reference is made to matters of jurisdiction,* means the nature of the action and the relief sought. If the court has jurisdiction of the *class of actions* to which the particular case under consideration belongs it has jurisdiction of the particular case. Jackson v. Smith, 120 Ind. 520, 22 N. E. 431; Tucker v. Sellers, 130 Ind. 514, 30 N. E. 531; McCoy v. Able, 131 Ind. 417, 30 N. E. 528, rehearing denied 131 Ind. 417, 31 N. E. 453; Pierson v. Republic Casualty Co., 200 Ind. 350, 160 N. E. 43; State ex rel. Felthoff v. Richards, 203 Ind. 637, 180 N. E. 596."

In the case at bar, as in the *Sims* case, it is not the contention that the Circuit Court hearing the case does not have jurisdiction over that "class of cases" known

as divorce actions. And, in the *Sims* case, the opinion written by Judge Crumpacker stated the following—

"The exercise of that jurisdiction, however, is contingent upon proof of the plaintiff's residence in the manner provided by §3-1203, Burns' 1946 Replacement. *If there was a failure of such proof in the present case the question should have been raised in the trial court and not here for the first time.*" (Emphasis ours.)

In the case of *State ex rel. Johnson* v. *Reeves, Judge, etc. et al.* (1955), 234 Ind. 225, 125 N. E. 2d 794, the Indiana Supreme Court stated—

"This court has held that jurisdiction embraces three essential elements: (1) jurisdiction of the subject-matter, (2) jurisdiction of the person, and (3) jurisdiction of the particular case. *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 229, 102 N. E. 2d 646; *Gilmour* v. *State* (1952), 230 Ind. 454, 457, 104 N. E. 2d 127; *State ex rel. Pub. Serv. Com.* v. *Marion C. Ct.* (1952), 230 Ind. 277, 284, 100 N. E. 2d 888."

Further in that case on page 229, the Supreme Court cited with approval the following true quotations—

" '. . . it is well settled that the want of jurisdiction over the particular case then before the court, belonging to the general class of cases over which the court has jurisdiction may be waived by failure to make timely and specific objection. *Daniels* v. *Bruce, supra* [ (1911), 176 Ind. 151, 95 N. E. 569], and cases therein cited.'

"Also, in *Park Improvement Co.* v. *Review Board, etc.* (1941), 109 Ind. App. 538, 545, 36 N. E. 2d 985, *supra*, it is said:

" 'An apparent exception to the rule that the jurisdiction of the court over the subject-matter may be raised at any time is that where the court has jurisdiction over the subject-matter, but its jurisdiction over the particular proceeding is involved, the question must be raised at

the earliest opportunity or it is waived. *Tucker* v. *Sellers* (1891), 130 Ind. 514, 30 N. E. 531.'

"See also: *Plew* v. *Jones* (1905), 165 Ind. 21, 25, 74 N. E. 618; *Tucker, Treasurer* v. *Sellers* (1892), 130 Ind. 514, 518, 30 N. E. 531, *supra; Park Improvement Co.* v. *Review Board, etc.* (1941), 109 Ind. App. 538, 545, 36 N. E. 2d 985, *supra; Jefferson Pk. R. Corp.* v. *Kelley, Glover & Vale* (1938), 105 Ind. App. 313, 324, 12 N. E. 2d 977, *supra; Stoll, Exr.* v. *Rich, Exr.* (1929), 88 Ind. App. 639, 641, 165 N. E. 67; 21 C. J. S., Courts, §109, p. 163, 166."

In the case at bar, there is nothing in the record to indicate that the appellant raised the question of jurisdiction over the particular case at the proper time in the trial court, and therefore by this failure to so challenge the jurisdiction of the particular case he has waived any question thereto. *State ex rel. Johnson* v. *Reeves, Judge, etc. et al., supra,* at page 231.

Even if the majority opinion's holding that appellant could properly raise the question of jurisdiction over this particular case in this court for the first time would have been proper, I am nevertheless of the opinion that the appellee had sufficiently proven the necessary residence qualifications to have granted jurisdiction to the trial court over this particular case, and that the majority opinion has also erroneously decided adversely to appellee in this matter.

In this case at bar, the majority opinion has apparently erroneously resolved all inferences in favor of the appellant, contrary to all well established precedents of this Court. In reading the complete record and in resolving all inferences and deductions in favor of appellee, as we are obliged to do, it is apparent that there was no question concerning the fact that the court below had *jurisdiction over the case* because of the testimony of Mr. Prentice, attoney for appellee (plaintiff below),

and also by the voluntary testimony of Mr. Homer Smith, attorney for appellant (defendant below), who both as an attorney and a recognized officer of the court, voluntarily testified as a resident witness to sufficient facts from which the trial judge could logically by a fair and reasonable inference conclude that the case was properly before the court for determination.

Reviewing again the proof of residence qualifications we have in the record Mr. Prentice, attorney for appellee (plaintiff below), testifying as follows, taken from the transcript at page 100, lines 23-27, and at page 101, lines 1-7:

> "MR. PRENTICE: Your Honor, I would like to testify as a resident witness.
> "THE COURT: All right.
> "MR. PRENTICE: My name is Dixon Prentice. I am a resident householder of Clark County, Indiana, and head of a family. I have been personally acquainted with Mr. and Mrs. Bohannan, the parties to this suit, for approximately ten years, and I know they have been bonafide residents of Clark County, Indiana, continuously for more than one year immediately prior to the date this suit was filed."

Immediately thereafter the transcript indicates on line 2, page 101, in the Bill of Exceptions, the following statement of Mr. Homer Smith, attorney of record for appellant (defendant below), to-wit:

> "MR. HOMER SMITH: Your Honor, I will testify to the same facts. I have known the Bohannan family for a number of years prior to the date this suit was filed, and I know they lived in Clark County all of that time."

Resolving the inferences in favor of the appellee, I am of the opinion that it is reasonable to consider the fact that both of these witnesses, who were lawyers,

testifying before the judge, are presumed to know and be familiar with the statutory requirements of residence. A reasonable inference drawn from this testimony of both lawyers in the trial below is that both witnesses knew of the statutory requirements and testified that the parties were qualified under such requirements. Mainly the appellant has now contended before this court that the testimony of his own lawyer, Smith, did not qualify him as a resident witness, in that he did not state in so many words and in clear and concise English that he was a resident householder of the state. I am of the opinion that here this testimony must be viewed in the light of all the testimony given. We have in this case a lawyer testifying and he opens his remarks with a statement to the court, "Your Honor, I will testify to the same facts," he concludes his testimony by further stating, "I have known the Bohannan family for a number of years prior to the date this suit was filed, and I know they lived in Clark County all of that time." From this I believe that any reasonable man could logically, by inference and deduction, conclude that the lawyer, Homer Smith, too is a resident householder of Clark County, Indiana, and the head of the family, and that he had been acquainted with the parties to the trial and knew that they were qualified to petition the court in a divorce action. To put any other interpretation upon his testimony, it would have to be concluded that he was merely corroborating that lawyer Prentice was a resident householder, etc. The record further shows that lawyer Prentice's testimony was not disputed and he was not cross-examined. In fact, the record shows that the appellant, by his answer to the complaint of appellee, expressly admitted the material allegations of residence set out in appellee's complaint. Thus, by such admission there was no

necessity of proving the allegation of residence, except insofar as it is mandated by the statute that residence shall be proven by two witnesses. It was obviously not going to be disputed, and it needed no corroboration, and if it did, such corroboration most certainly, in a hotly contested divorce action, would not have come voluntarily from his opposing counsel, lawyer Smith. The testimony of lawyer Smith and of lawyer Prentice, when viewed in the light of all of the evidence and of the circumstances of which the trial court could and should properly take judicial notice, discloses that they were both qualified residence witnesses and that the parties to the action were qualified to petition the Clark Circuit Court in a divorce action. Further, since the entire record discloses that the trial judge was the regular judge of the Clark Circuit Court before whom these proceedings were held, and since the applicable statute as pointed out in the majority opinion, Burns' Ind. St., §3-1203, recited in part "which bonafide residence shall be duly proven by such petitioner to the satisfaction of the court trying said petition by at least two witnesses each of whom shall be either a resident householder or the wife of a resident householder of this state," it appears that the trial judge was satisfied by such testimony of the two opposing lawyers that the residence requirements set up by statute had been fully complied with, particularly in view of the fact that from the whole record of the trial there was no evidence introduced to the contrary from which the trial judge could have logically drawn any other conclusion. In the case of *Wharton* v. *Wharton* (1941), 218 Ind. 345, 349, 32 N. E. 2d 695, the Indiana Supreme Court stated—

"It was not necessary that the residence of the appellee or the qualification of the residence wit-

nesses, be shown by formal or express proof. The trial court might draw all proper inferences and presumptions from such testimony. *Blauser* v. *Blauser* (1909), 44 Ind. App. 117, 87 N. E. 152; *Maxwell* v. *Maxwell, supra*, [(1876), 53 Ind. 363]; *McMurrey* v. *McMurrey* (1936), 210 Ind. 595, 4 N. E. 2d 540."

The majority opinion has recited a long list of cases as authorities for the following general principles of statutory interpretation in which we concur and which we again reiterate by quoting from the majority opinion as follows:

"We are bound by the general rule of law that a statute must be reasonably and fairly interpreted so as to give it efficient operation, and to give effect if possible to the expressed intent of the legislature. It should not be wantonly narrowed, limited or emasculated and rendered ineffective, absurd or nugatory. If possible it should be allowed to perform its intended mission as shown by the existing evils intended to be remedied. *Blazer* v. *Waring* (1911), 176 Ind. 585, 590, 95 N. E. 257, 48 L. R. A. (N. S.) 834; *Walters* v. *Bank of America* (1937), 9 Cal. 2d 46, 52, 69 P. 2d 839, 110 A. L. R. 1259, 1264; *DeTarr* v. *State* (1906), 37 Ind. App. 323, 327, 76 N. E. 897; *Perry Twp.* v. *Indianapolis Power & Light Co.* (1946), 224 Ind. 59, 69, 64 N. E. 2d 296; *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607, 617, 62 N. E. 492; *Smith* v. *Indianapolis St. R. Co.* (1902), 158 Ind. 425, 427, 63 N. E. 849."

After making such statements, it appears to me that the majority members of this court have then proceeded to go exactly to the contrary by trying to narrow, limit or emasculate and render ineffective, absurd or nugatory the obvious intent of the legislature in setting up the residence requirements in divorce proceedings, which was obviously to prohibit non-residents of this State, over whose marital status our courts can ac-

quire no jurisdiction, from obtaining fraudulent divorces. *Wharton* v. *Wharton, supra; Prettyman* v. *Prettyman* (1890), 125 Ind. 149, 25 N. E. 179.

By this dissent I do not especially condone proof of residence as was made in this case in such a "sloppy" manner. Nevertheless, there is no legal reason that attorneys representing litigants in a divorce action can not testify as witnesses to prove residence qualifications provided the attorneys meet the necessary residence and householder qualifications as set up by statute.

For the reasons stated above, I am of the opinion that appellant has failed in his burden to prove that the decision of the trial court is not sustained by sufficient evidence and is contrary to law, and that consequently the judgment should be affirmed.

Myers and Smith, JJ., concur in dissent.

NOTE.—Reported in 167 N. E. 2d 717. Transfer denied Achor, C. J., in which Jackson, J., dissents.